UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| ELINOR HILTON and COLLEEN FAGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN[1], Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>Defendants. | 2:26-cv-00092-JAW |

---

[1] The Complaint names as a Defendant Kristi Noem in her official capacity as then-Secretary of Homeland Security. Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin, current Secretary of Homeland Security, is automatically substituted as a Defendant.

## Heightened Confidentiality Order

Upon motion for good cause shown, it is ORDERED:

1. **Scope and Purpose.** This Order is entered based on the representations of the parties and for the purpose of facilitating discovery. All testimony, documents, things, material, and other information produced in discovery are subject to this Order, including information produced by third parties in response to a subpoena or otherwise. This Order is binding upon all counsel and their law firms, the parties, and persons who receive confidential information in this case.

2. **Service of Order to Third Parties.** This Order must be served on any third party with any subpoena served in this matter.

3. **Definition of Confidential Information.** Confidential information (Confidential Information) is information that a party believes in good faith is protected from disclosure by law or that should be protected from disclosure as confidential because it is likely to be detrimental if disclosed, including for example, information compiled for law enforcement purposes that would be exempt from disclosure under Exemption 7 of the Freedom of Information Act (5 U.S.C. § 552(b)(7)), sensitive personal information, trade secrets, confidential or proprietary financial information, competitive information, personnel records, or commercially sensitive information. Information that is publicly available is not confidential. The designation of information as confidential does not mean that the information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**4.** **Definition of Attorneys' Eyes Only Confidential Information.** Attorneys' Eyes Only Confidential Information is information: (a) that meets the above definition of Confidential Information; and (b) that a party or party's counsel, after reviewing the information, has a good faith belief contains information so sensitive that it could cause harm if disclosed to another party in this action. Confidential Information and Attorneys' Eyes Only Confidential Information are referred to collectively as Protected Information.

**5.** **Form and Timing of Designation.** Any party or third party may designate documents, testimony, things, material, or other information as Protected Information and restricted from disclosure under this Order when they are produced by marking them "Confidential" or "Attorneys' Eyes Only" on all copies in a manner that will not interfere with the legibility of the information. The right to designate information as Protected Information is granted to third parties who testify or produce documents or information in response to a subpoena. Information should be designated protected before or at the time of the production or disclosure of the information.

**6.** **Inadvertent Production.** Information inadvertently produced without a confidentiality designation must be designated as soon as practicable after the inadvertent disclosure and will be treated as protected from the date written notice of the designation is provided to the receiving party. Inadvertent production alone will not constitute a waiver of the confidentiality designation. If the producing person notifies all parties that protected information was inadvertently produced, the

receiving parties must return or destroy the information and may not use the information unless the parties agree or the Court rules on them.

7.    **Depositions.** Deposition testimony will be deemed Protected Information only if designated. A party must take the following steps to designate deposition testimony as Confidential Information or Attorneys' Eyes Only Confidential Information:

(a)    A party must state on the record during the deposition that the testimony contains such information protected by this Order. Any testimony so designated will remain protected under this Order for 45 days after receipt of the deposition transcript from the court reporter.

(b)    Within 45 days after receipt of the transcript from the court reporter, a designating party must serve a Notice of Designation on all parties of record as to specific portions of the transcript, identified by page and line, to be designated as a form of Protected Information. Thereafter, the portions so designated will be so protected pending objection under the terms of this Order.

(c)    The failure to serve a Notice of Designation waives the designation made on the record.

8.    **Protection of Confidential Information.** Protected Information must not be used or disclosed for any purpose other than to conduct this litigation. Protected Information may only be used or disclosed as provided in this Order or additional orders.

9.    **Disclosure of Confidential Information.** Confidential Information

4

may only be disclosed to the following people and only as specifically needed for the purposes of this litigation:

    (a)    counsel, including necessary employees;

    (b)    parties, including necessary employees;

    (c)    mediators, special masters or neutrals;

    (d)    court reporters and video operators;

    (e)    consultants, experts, and contractors;

    (f)    deponents; and

    (g)    witnesses or others by written consent of the affected parties.

**10.** **Disclosure of Attorneys' Eyes Only Confidential Information.** Attorneys' Eyes Only Confidential Information may not be disclosed to parties or their employees. Such information may only be disclosed to the following people and only as specifically needed for the purposes of this litigation:

    (a)    outside counsel, including necessary employees;

    (b)    experts, court reporters and video operators; or

    (c)    others by written consent of the affected parties.

**11.** **Acknowledgement Required.** If Protected Information is disclosed to witnesses, contractors, consultants, experts or others by written consent, each of the individuals must be advised that the information is protected and must sign Exhibit A.

**12.** **Unauthorized Disclosure.** If counsel or any party or third party learns of an unauthorized disclosure of Protected Information, that individual must

promptly report the disclosure to the party that produced the information and take steps to retrieve the information and remedy any harm caused by the disclosure, including immediately informing the producing party of all pertinent facts relating to such disclosure, using their best efforts to retrieve the disclosed information and materials, advising the recipient of the improperly disclosed information in writing of the terms of this Order, making their best efforts to require the recipient to execute and agreement to be bound by the terms of this Order and taking all other reasonable steps to prevent further disclosure by or to the person who received the Confidential or Attorneys' Eyes Only Information.

13. **Procedures for Filing Confidential Information.** This Order does not authorize the sealing of Protected Information without Court approval. Parties wishing to file Protected Information under seal must follow the procedures in Local Rule 5.2(a).

14. **No Greater Protection of Specific Information.** No party may withhold information from discovery on the ground that it requires protection greater than provided in this Order unless the party moves for an order providing additional protection.

15. **Challenges to Designations.** Any confidential or attorneys' eyes only designation is subject to challenge by any party or producing third party. A party may challenge a designation under this Order as follows:

(a) **Challenge to Information Designation.** A party need not challenge a designation when the information is designated. If a party later

6

disputes a designation, the affected parties must make a good faith effort to resolve the dispute. If they cannot resolve the dispute, any affected party may seek to resolve the discovery dispute under Local Rule 26(c). The information or materials at issue must be treated as Protected Information until the court has ruled on the objection or the matter has been otherwise resolved.

(b) **Challenge to Qualified Person.** A party or producing third party may challenge the designation of a person as qualified to receive such information under this Order within 21 days of becoming aware the person has received or will receive the information. If they cannot resolve the dispute through a good faith effort, any affected party may seek to resolve the discovery dispute under the District of Maine Local Rules.

16. **Action by the Court.** Applications to the Court for orders relating to Protected Information must be made by motion under Local Rule 7.

17. **Use of Protected Information at Trial.** A party that intends to present at trial or anticipates that another party may present at trial Protected Information should identify the issue, not the specific information, in the pretrial memorandum. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

18. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not

subject to further appeal. Filings made under seal will only be deleted from ECF upon order of the Court.

(b)    **Return or Destruction of Confidential Information.** Within 60 days after the conclusion of the litigation, including any appeal or claim for attorneys' fees, the receiving party must either (i) return the Protected Information or (ii) destroy the Protected Information and certify to the producing party that it was destroyed. But counsel are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information. Such materials retained by counsel that contain or constitute Protected Information remain subject to this Order.

(c)    **Third Parties.** When any third party produces Protected Information voluntarily or in response to a subpoena, the receiving party must notify the producing third party promptly after the conclusion of the litigation, including any appeal, so that the producing third party may avail itself of the rights afforded by this Order.

**19.    No Judicial Determination.** This Order is not a judicial determination that any documents or information designated confidential or attorneys' eyes only are subject to protection under any statute or rule. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery

or at trial.

**20.    Non-Waiver of Privilege or Protection and Inadvertent Disclosure.** Nothing in this Order waives or limits any applicable privilege, work product, or other protection, including confidential business information or personal identifying information, or limits the ability of a party to seek relief for inadvertent disclosure of information protected by privilege, work product, or other protection.

**21.    Attorney-Client Privilege.** This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**22.    Modification.** The Court may modify this Order either on its own or at a party's request by motion filed under Local Rule 7.

**23.    Privacy Act Information.** This Order, in accordance with the Privacy Act, 5 U.S.C. § 522a(b)(12), permits the production of records in discovery which contain material protected from disclosure under the Privacy Act ("Privacy Act Information").

(a)    For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 522a(a)(4).

(b)    This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilation, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol, or other form of personal

information), and which are not subject to the Privacy Act, are not covered by this Order.

(c)     Government records or any answers to interrogatories that disclose Privacy Act Information shall be marked in accordance with paragraph 5 of this Order. Unless otherwise specified, all other provisions of this Order apply to Privacy Act Information.

(d)     Neither the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, U.S. Customs and Border Protection, U.S. Border Patrol, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiffs' counsel under this Order, or of any information contained in such documents.

So Ordered.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated:  April 7, 2026

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELINOR HILTON and COLLEEN FAGAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>Defendants. | 2:26-cv-00092-JAW |

## Acknowledgement and
## Agreement to be Bound

The undersigned hereby acknowledges that they have read the Heightened Confidentiality Order dated _____ in the above-captioned action, understands its terms, and agrees to be bound by them. The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Heightened Confidentiality Order and understands that the terms of the Heightened Confidentiality Order obligate them to use materials protected in accordance with the Heightened Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived from them to any other person, firm, or entity.

The undersigned acknowledges that violation of the Heightened Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business
Address: _____

_____

_____

Date: _____    Signature: _____