UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELINOR HILTON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:26-cv-00092-JAW |
| | ) | |
| TODD LYONS, Acting Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUES**

On June 25, 2026, the Court conducted a telephonic conference to address certain discovery issues. For the reasons stated on the record, the Court orders:

1. With respect to Topic No. 6 identified in Plaintiffs' Third Amended Notice of Rule 30(b)(6) Deposition of and Request for Production of Documents to Defendant U.S. Department of Homeland Security, Defendants' request to narrow the databases as to which the 30(b)(6) witness(es) must testify "to those related to plaintiffs' protest activities" is denied.

2. With respect to Topic No. 7 identified in Plaintiffs' Third Amended Notice of Rule 30(b)(6) Deposition of and Request for Production of Documents to Defendant U.S. Department of Homeland Security, Defendants' request to narrow any testimony "to the two DHS component agencies that are the subject of this litigation" is denied.

3. As to the parties' disagreement regarding Defendants' assertion of the law enforcement privilege, Defendants agreed to evaluate whether they will continue to assert the privilege for all the redacted information.[1]  On or before June 30, 2026, Defendants shall submit to my chambers for an in camera review copies of the unredacted versions of the documents (highlighting the information that has been redacted) for with Defendants continue to assert the privilege.

4. As for the adequacy of Defendants' search, collection, and preservation of the electronically stored information regarding the agents who were directly involved in the collection of data relating to protestors—including the four agents Plaintiffs intend to depose beginning July 9, 2026—the Court is persuaded that the method of collection produced documents that likely lacked relevant metadata.  However, given Defendants' representations regarding the time necessary for the imaging and search of the relevant custodian's devices, the scheduled depositions, and the impending deadline for the close of expedited discovery, the Court will not order the forensic imaging of the deponents' devices as requested by Plaintiffs prior to the scheduled depositions and the scheduled close of expedited discovery.  Because the information is relevant and discoverable, in anticipation of the potential for further discovery following the preliminary injunction phase of the case, Defendants shall place in the queue for

---

[1] During the telephone conference, Defendants agreed to provide Plaintiffs the information that they previously withheld and redacted based on "personal privacy."

forensic imaging the devices of all identified relevant custodians, including the devices of the four deponents.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of June, 2026.