UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELINOR HILTON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:26-cv-00092-JAW |
| | ) | |
| TODD LYONS, Acting Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUES**

On June 25, 2026, the Court conducted a telephonic conference to discuss whether Defendants were required to produce certain documents in discovery. In its order issued following the conference, the Court ordered Defendants to produce some documents and directed Defendants to submit other documents to the Court for an in camera review. (Order, ECF No. 50.) Subsequently, Plaintiffs filed a request for a discovery conference on another issue related to Defendants' production of documents.

On July 14, 2026, the Court conducted a videoconference with counsel to discuss the Court's in camera review and the issues that Plaintiffs raised in their recent request for a discovery conference. Following completion of the in camera review and after consideration of the parties' arguments regarding the pending discovery issues in dispute, the Court issues this order.

A. <u>Background Facts</u>

In this case, Plaintiffs contend that several Immigration and Customs Enforcement (ICE) agents violated Plaintiffs' First Amendment rights as Plaintiffs observed and recorded immigration enforcement operations in Maine in January 2026. In its order denying Plaintiffs' motion for a temporary restraining order, the Court (Woodcock, J.) noted that without more evidence as to what occurred during the ICE operation in Maine related to Plaintiffs claims, the Court could not evaluate either side's likelihood of success on the merits. (Order at 16-17.) The Court identified at least two contested facts that required further development: "[W]hether Defendants collect and maintain a database of individuals who exercise their First Amendment rights to observe and record immigration enforcement activity," and "whether Defendants maintain a policy and practice of collecting and retaining the data of First Amendment observers or otherwise retaliating against individuals for exercising those same rights." (*Id.* at 17.)

The parties are currently engaged in discovery on an expedited basis in anticipation of a hearing on Plaintiffs' request for a preliminary injunction. The principal objective of the discovery is to obtain information that might permit the parties to address the evidentiary concerns identified by the Court in its order denying Plaintiffs' request for a temporary restraining order.

B. <u>In Camera Review</u>

Defendants redacted information from some of the documents citing the law enforcement privilege, privacy concerns as certain documents contained personal identifying information, and relevancy. As discussed during the most recent conference,

Defendants are not required to provide the personal identifying information contained in some of the documents.

The First Circuit has "recognized a privilege for law enforcement activities regarding confidential government surveillance information to confidential informants to law enforcement techniques and procedures. The underlying rationale being that law enforcement functions and operations will not be effective if interference is prevalent. Having recognized that the law enforcement privilege is not absolute, it may be overcome by a sufficient showing of authentic necessity that courts determine on a case-by-case basis." *Gulluni v. Levy*, 85 F.4th 76, 85 (1st Cir. 2023) (internal quotation marks and citations omitted).

In support of their assertion of the privilege, Defendants filed two declarations in which the declarants describe the nature of the redacted information and assert that if produced, the information would reveal law enforcement tactics and techniques thereby compromising law enforcement investigations and the safety of law enforcement personnel.  The redacted information consists primarily of information regarding the systems used by law enforcement to communicate and manage investigatory information, reference to certain investigatory techniques, information regarding law enforcement personnel, and record ID numbers.

The Court recognizes that Plaintiffs' ability to refute the declarants' assertions regarding the sensitive nature of the redacted information is somewhat limited particularly at this early stage of discovery.  The declarants' assertions, therefore, are for the most part uncontroverted.  However, even if the redacted information can reasonably be viewed as

3

within the privilege, Plaintiffs may be entitled to the information upon "a sufficient showing of authentic necessity." *Id*.

The Court is persuaded that some of the information is necessary for Plaintiffs to address the contested factual issues while other information is not relevant or can be provided in a way that adequately addresses the interests the privilege is designed to protect. The Court, therefore, finds that some information may be withheld on privilege and relevancy grounds, that Defendants must produce some of the redacted information, and that Defendants must produce certain information in lieu of some of the redacted information. The Court orders:

1. Defendants may redact the record and case ID numbers. As discussed during the most recent conference, however, Defendants shall assign a letter for each number to permit Plaintiffs to identify where the number appears throughout the documents.

2. Defendants are not required to produce the redacted information in the unnumbered documents (a one-page document and a five-page document attached to email communications that were produced) discussed during the conference as the Court discerns no relevance to the documents.

3. As to Bates stamped document number 311, Defendants shall provide the information redacted under "primary action" but may withhold the number listed in the "primary action" section. Defendants are not required to produce any other redacted information in the document.

4

4. As to Bates stamped documents numbered 316 and 318, Defendants may redact the codes listed under "vehicle search" and "reason for referral," but shall provide a narrative describing what each code represents. Defendants shall also provide the information redacted under "referral type," "reason for referral code," "positive/negative inspection," and "ccd used."

5. As to Bates stamped document number 320, Defendants shall provide the information under "record status" and "query notification."

6. As to Bates stamped documents numbered 314 and 315, Defendants shall provide the information under "processing result" and "primary query result."

7. Defendants are not required to provide the redacted information in Bates stamped documents numbered 251, 478, 480, 487, 488, 491, 497, 498, 502, 503, 507, and 515.

C. Other Documents

As discussed during the most recent conference, Defendants shall provide the following information described in Plaintiffs' recent request for a discovery conference (ECF No. 53) as follows:

1. On or before July 15, 2026, Defendants shall have produced the documents described as the "first" group of documents in Plaintiffs' request.

2. On or before July 16, 2026, Defendants shall have produced the documents described as the "second" group of documents in Plaintiffs' request.

3. On or before July 16, 2026, Defendants shall have produced the January 2026 DHS memorandum referenced in the "third" group of documents in

Plaintiffs' request.  Defendants shall also have produced all communications to agents in Maine and Minnesota regarding the memorandum.

This order does not preclude Defendants from producing the documents in accordance with the Confidentiality Order entered in this case.

## **<u>NOTICE</u>**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 17th day of July, 2026.