## UUNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS,<br><br>  on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>      Defendants. | Case No. 2:26-cv-00092-JAW |

### DECLARATION OF GENEVIEVE NADEAU

I, Genevieve Nadeau, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am counsel for the plaintiffs in this case and submit this declaration in support of

Plaintiffs' Written Argument In Support of Application of First Amendment Privilege.

2.      Relevant to this dispute are expedited requests for production of documents propounded to all four named plaintiffs that seek the following:

Hilton RFP No. 3, Fagan RFP No. 7, Pantos RFP No. 3, Williams RFP No. 7:

All DOCUMENTS, WRITINGS, and COMMUNICATIONS that [PLAINTIFF] is a creator of, participant in, or copied on, or otherwise has received a copy, CONCERNING opportunities to observe and/or record ICE activity in Maine, from January 20, 2025, to the present . . . [including specific paragraphs in the complaint and declarations].

Hilton RFP No. 4, Fagan RFP No. 8, Pantos RFP No. 4, Williams RFP No. 8:

All DOCUMENTS, WRITINGS, and COMMUNICATIONS in which [PLAINTIFF] is a creator of, participant in, or copied on, or otherwise has received a copy, CONCERNING any chilling effect or other adverse effect—e.g., any decision to not observe any activity, or to not travel, or any psychological harm—allegedly caused by the [SPECIFIC ENCOUNTER].

3.      Also referenced in Plaintiffs' brief are the following, propounded to all four Plaintiffs:

Hilton RFP No. 2, Fagan RFP No. 6, Pantos RFP No. 2, Williams RFP No. 6:

All DOCUMENTS, WRITINGS, and COMMUNICATIONS created, delivered, or posted (including DOCUMENTs, WRITINGS, and COMMUNICATIONS that were commented on or "liked") by [PLAINTIFF] reflecting her beliefs and opinions regarding law enforcement personnel, operations, tactics, and activity, from January 20, 2025, to the present.

Interrogatory No. 4 (to all Plaintiffs):

IDENTIFY all PROTESTS YOU have attended from January 20, 2025, to the present.

4.      In response to Defendants' requests for production and in addition to asserting a number of objections, Plaintiffs withheld in full responsive community group Signal chats on First Amendment privilege grounds. Plaintiffs produced responsive smaller group chats and one-on-one chats involving a plaintiff, but redacted them to the extent that they contain

communications regarding: (1) the specific purposes or priorities of a particular community Signal group; or (2) the strategies used by one or more community Signal groups; and (3) third-party Signal usernames and other contact information. Plaintiffs also provided Defendants with separate privilege logs for the withheld and redacted documents.

5.      True and correct copies of the most recent versions of those privilege logs are attached hereto as Exhibits A and B, and Plaintiffs' original transmittal letter dated June 12, 2026 is attached as Exhibit C. The privilege logs have been designated "Attorney Eyes Only" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

6.      After conferring with counsel for Defendants, Plaintiffs have since agreed to provide the names of the participants in most of the smaller group and one-on-one chats (category (3) above), with the exception of a handful of chats that are part of, or closely related to, the community group Signal chats—and provided that information to counsel in advance of Plaintiffs' depositions on July 23 and 24.

7.      Also relevant to this dispute are several related categories of questions that counsel for Defendants posed to the plaintiffs during their depositions regarding the community group Signal chats (sometimes referred to as "rapid response" chats): who organizes or administers the community group Signal chats; the number of people in the community group Signal chats; whether particular individuals participate in the community group Signal chats; whether any public officials or political figures or groups participate in the community group Signal chats; whether the community group Signal chats include people from outside of Maine; how the community groups operate; and whether the community groups discussed certain topics. Following instructions from counsel, Plaintiffs declined to answer these questions on First Amendment privilege grounds.

8.      Attached hereto as Exhibit D are true and correct excerpts from the transcript of the July 23 deposition of Plaintiff Pantos. The transcript had been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

9.      Attached hereto as Exhibit E are true and correct excerpts from the transcript of the July 23 deposition of Plaintiff Williams. The transcript had been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

10.     Attached hereto as Exhibit F are true and correct excerpts from the transcript of the July 24 deposition of Plaintiff Hilton. The transcript had been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

11.     Attached hereto as Exhibit G are true and correct excerpts from the transcript of the July 24 deposition of Plaintiff Fagan. The transcript had been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

12.     Attached hereto as Exhibits H and I are true and correct copies of declarations by Plaintiffs Pantos and Williams produced during discovery as PLAINTIFFS000001-000015.

13.     Attached hereto as Exhibit J is a true and correct copy of a portion of ███████ ███████ among members of an HSI team operating in Maine. In the excerpted ███████ one ICE agent suggests that ████████████████████████ and ███████████ responds by stating, ████████████████████████████ This document was produced by Defendants during the course of expedited discovery as DEFS001543-44, and has been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

14.     Attached hereto as Exhibit K is a true and correct copy of a record for Plaintiff ███████████ that appears in ████████████████████████████

 This document was produced by Defendants during the course of expedited discovery as DEFS000649-52, and has been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

15.     Attached hereto as Exhibit L is a true and correct copy of a record for ▆▆▆ ▆▆▆▆▆▆ that appears in ▆▆▆▆▆▆▆▆▆▆ This document was produced by Defendants during the course of expedited discovery as DEFS000653-56, and has been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

16.     Attached hereto as Exhibit M is a true and correct copy of a record for ▆▆▆ ▆▆▆ that appears in ▆▆▆▆▆▆▆. This document was produced by Defendants during the course of expedited discovery as DEFS000679-82, and has been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

17.     Attached hereto as Exhibit N are true and correct excerpts from the transcript of the deposition of ▆▆▆▆▆▆, identified as Agent 3 in Plaintiffs' First Amended Complaint. These excerpts of the transcript have been designated "Confidential" pursuant to the Heightened Confidential Order in place for this litigation (ECF 28).

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2026.

_/s Genevieve Nadeau_____
Genevieve Nadeau