UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS,<br>   on behalf of themselves and all others<br>   similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>          Defendants. | Case No. 2:26-cv-00092-JAW |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE PSEUDONYMOUS DECLARATIONS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs move for leave to file declarations in support of their assertion of the First

Amendment privilege using pseudonyms, with the understanding (to which Plaintiffs agree) that

Defendants' consent to the filing of pseudonymous declarations relates to these declarations only and does not constitute a waiver of Defendants' arguments as to the applicability of the First Amendment privilege to the documents and information at issue in the parties' underlying discovery dispute.

The parties are briefing the applicability of the First Amendment privilege to community group Signal chats that Defendants seek in discovery. ECF 64. Plaintiffs assert that the identities of the chat participants and the contents of the chats are privileged. In support of their privilege assertion, Plaintiffs intend to file declarations from three group chat members to demonstrate the harm that would result from disclosure of their identities and communications. Plaintiffs seek leave to file these declarations using pseudonyms, as filing the declarations with the declarants' true names would defeat the very privilege assertion being briefed to the court, harm the nonparty declarants, and chill them and other members of the community group chats.

The First Circuit has approved the use of pseudonymous filings when disclosing individuals' names would harm nonparties or deter future litigants from participating in litigation, notwithstanding a general presumption against the use of pseudonyms in litigation. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 69–72 (1st Cir. 2022) ("*MIT*"). District courts "enjoy[] broad discretion" to determine the need for anonymity under the "totality of the circumstances" by weighing that need against the public's transparency interests. *Id.* at 70, 72. The paradigms for when anonymity is appropriate, set forth in *MIT*, relate to instances when "*party anonymity ordinarily will be warranted.*" *Id.* at 71 (emphasis added). But a "nonparty 'has a stronger case for anonymity' than a party." *New York v. McMahon*, 2025 WL 1478387, at *1 (D. Mass. Mar. 21, 2025) (quoting *Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2,

2018)); *see also MIT*, 46 F.4th at 71 (quoting *Trs. of Dartmouth Coll.* for proposition that "nonparty 'has a stronger case for anonymity' than party").

Here, nonparty declarants' need for anonymity is demonstrated by the contents of the declarations themselves, which speak to the harm from disclosure of the declarants' identities as participants in the community group chats. *See* Doe 1 Decl., ¶¶ 10-15 (detailing fear of retaliation and chilling effect of disclosure); Doe 2 Decl., ¶¶ 10-12 (same); Doe 3 Decl., ¶¶ 10-12 (same). Those harms readily meet the *MIT* paradigms.

First, requiring the disclosure of declarants' identities would negate the very First Amendment privilege in support of which they are submitting the declarations. The First Circuit considers such cases to fall within the "paradigm [of] cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *MIT*, 46 F. 4th at 71. Among the "typical" cases in this category are those cases, such as the case at bar, "in which 'the injury litigated against would be incurred as a result of the disclosure of the [party's] identity.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam) (alteration in original)). *See also Doe v. Town of Lisbon*, 78 F.4th 38, 43 (1st Cir. 2023) ("Because disclosure of his name will allegedly cause much of the very harm he seeks to avoid, Doe has sued under the "John Doe" pseudonym rather than his own name."); *see generally First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114, 1121, 1125 (2026) (anonymous declarations submitted in support of First Amendment associational rights); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2018 WL 2441518 at *9 (N.D. Cal. May 31, 2018) (same); *Doe v. 2TheMart.com, Inc.*, 140 F. Supp. 2d 1088, 1091 n.2 (W.D. Wash. 2001) ("When an individual wishes to protect their First Amendment right to speak anonymously, he or she must be entitled to vindicate that right without disclosing their identity.") Here, requiring disclosure of

the community group members' identities in order to protect those very identities from disclosure would cause "the very harm" Plaintiffs and declarants seek to avoid. *Lisbon*, 78 F. 4th at 43.

Moreover, the declarations demonstrate the chilling effect that disclosure would have on community group members' participation in the chats themselves; it is a logical inference that such chilling would extend to individuals' willingness to participate in litigation if they knew that such participation might expose not only their identities, but also that of their like-minded associates. *See Doe v. Austin*, 2023 WL 3568188, at *1 (D. Me. May 19, 2023) (granting anonymity to transgender plaintiffs because "if Plaintiffs are not permitted to proceed pseudonymously, Plaintiffs and other transgender individuals might not assert claims for relief in court regardless of the merit of the claims"). And although declarants expressly disclaim any knowledge of any unlawful activity, Doe 1 Decl., ¶ 14; Doe 2 Decl., ¶ 8; Doe 3 Decl., ¶ 8, they reasonably fear that revealing their identities could expose them to potential criminal investigation or other unwarranted scrutiny, given the government's recent behavior. Doe 1 Decl., ¶¶ 10-11; Doe 2 Decl., ¶¶ 10-11, Doe 3 Decl., ¶¶ 11-12. The First Circuit has recognized that is another "typical" case in which anonymity is appropriate. *MIT*, 46 F. 4th at 71 ("Also typical are cases in which a potential party may be implicated in illegal conduct, thereby risking criminal prosecution") (citation modified). *See also Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (risk of criminal prosecution supports anonymity).

Denying anonymity would also result in "harm [to] innocent non-parties," *i.e.*, the declarants, who reasonably fear that the same retaliatory conduct alleged in the First Amended Complaint in this case would befall them if their identities were disclosed. *See New York*, 2025 WL 1478387, at *1–2 (permitting pseudonymous declarations in case challenging federal

4

layoffs, based on fear of retaliation and potential chilling of future declarants); *League of Women Voters v. U.S. Dep't of Homeland Sec.*, 2025 WL 2897654, at *2 (D.D.C. Oct. 10, 2025) (shielding plaintiffs' names based on "the serious consequences of potential retaliation" that might follow from disclosure).

Finally, declarants' "individual identities are not relevant to any claim or defense" in connection with the privilege briefing. *Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *3 (D. Mass. Mar. 31 2026). And courts are more likely to grant anonymity when claims are pursued "against the government rather than a private individual" because "the government is not vulnerable to similar reputational harm [as a private individual], particularly in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) (collecting cases). In such cases, "knowing the Plaintiffs' identities lends little to the public's ability to follow the proceedings or understand the disposition of the case." *Doe v. City of Apple Valley*, 2020 WL 1061442, at *2 (D. Minn. Mar. 5, 2020).

For all these reasons, Plaintiffs' unopposed motion for leave to file pseudonymous declarations should be granted.[1]

---

[1] Local Rule 10(d)(1)'s requirement that "a party" seeking to proceed pseudonymously contemporaneously file under seal a document identifying the actual name of the person using the pseudonym is inapplicable here because the instant motion seeks leave only for *nonparty* declarants to proceed pseudonymously. Plaintiffs' counsel has in its possession signed versions of the declarations with the declarants' names.

Dated: August 4, 2026

Respectfully submitted,

*/s/ Genevieve Nadeau*

Genevieve Nadeau*
Kenneth Parreno*
**Protect Democracy Project**
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
genevieve.nadeau@protectdemocracy.org
kenneth.parreno@protectdemocracy.org

JoAnna Suriani*
Janine M. Lopez*
F. Elias Boujaoude*
**Protect Democracy Project**
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
(202) 579-4582
joanna.suriani@protectdemocracy.org
janine.lopez@protectdemocracy.org
elias.boujaoude@protectdemocracy.org

Jessica Marsden*
**Protect Democracy Project**
510 Meadowmont VIII. Cir. No. 328
Chapel Hill, NC 27517
(202) 579-4582
jess.marsden@protectdemocracy.org

Melissa A. Hewey
David M. Kallin
**Drummond Woodsum**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 253-0528
mhewey@dwmlaw.com
dkallin@dwmlaw.com

Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
Yotam Barkai*
John Paredes*

Benjamin J. Cabranes*
Tyler T. Mikulis*
**Dunn Isaacson Rhee LLP**
401 9th Street, NW
Washington, DC 20004
(202) 240-2900
kdunn@dirllp.com
jrhee@dirllp.com
ratkinson@dirllp.com
ybarkai@dirllp.com
jparedes@dirllp.com
bcabranes@dirllp.com
tmikulis@dirllp.com

*Pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2026, I caused a copy of the foregoing to be served via e-mail on counsel of record for Defendants.

*/s/ Genevieve Nadeau*
Genevieve Nadeau
Protect Democracy Project
15 Main Street, Suite 312
Watertown, MA 02472