UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELINOR HILTON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:26-cv-00092-JAW |
| | ) | |
| TODD LYONS, Acting Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUES**
**AFTER IN CAMERA REVIEW**

In this case, Plaintiffs contend that several Immigration and Customs Enforcement (ICE) agents violated Plaintiffs' First Amendment rights as Plaintiffs observed and recorded immigration enforcement operations in Maine in January 2026.

In accordance with the Court's August 19, 2026, order on certain discovery issues, Defendants submitted the unredacted versions of documents DEFS000620-44 and DEFS000834 to the Court for an in camera review. The question for the Court is whether Defendants should be required to produce the information that they redacted from the documents when the documents were produced to Plaintiffs in discovery. Defendants assert various privileges (law enforcement privilege, attorney-client privilege, and the work product doctrine) to support their decision not to produce the information.

## GOVERNING LAW

The party asserting a privilege to withhold documents responsive to a legitimate discovery request bears the burden of demonstrating the applicability of the privilege. *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 69 (1st Cir. 2011).

As the Court explained in a prior order in this case, the First Circuit has

> recognized a privilege for law enforcement activities regarding confidential government surveillance information to confidential informants to law enforcement techniques and procedures. The underlying rationale being that law enforcement functions and operations will not be effective if interference is prevalent. Having recognized that the law enforcement privilege is not absolute, it may be overcome by a sufficient showing of authentic necessity that courts determine on a case-by-case basis.

*Gulluni v. Levy*, 85 F.4th 76, 85 (1st Cir. 2023) (internal quotation marks and citations omitted).

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It is designed to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "By safeguarding communications between attorney and client, the privilege encourages disclosures that facilitate the client's compliance with law and better enable him [or her] to present legitimate arguments when litigation arises." *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 23 (1st Cir. 2011).

The work product doctrine, codified for purposes of pretrial discovery within Rule 26, protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney,

consultant, surety, indemnitor, insurer, or agent)," unless the materials are otherwise discoverable and the party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). The work product doctrine does not extend to "'[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes,'" even if the materials were prepared by a lawyer and reflect "legal thinking." *United States v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 30 (1st Cir. 2009) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1970 amendment). The issue is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 Wright & Miller's Federal Practice & Procedure § 2024 (3d ed. 2026 Update).

## DISCUSSION

A. Documents DEFS000620-44

Some of the redacted information includes personal identifying information for the sender or recipients of certain email communications. The Court does not understand Plaintiffs to challenge Defendants' withholding of that information. Further, on the current record, the Court perceives no relevancy to the information. Accordingly, Defendants are not required to produce the information.

The other redactions consist of information that law enforcement learned regarding the efforts that protesters might employ or were employing to track ICE agents or to protest ICE's activities. The information reflects the results of searches of internet sites or social

media accounts as well as information provided by other law enforcement agencies. Insofar as the information reveals sources used by ICE agents as part of its operations in Maine, the law enforcement privilege is implicated as to some of the information. The Court, however, does not believe that the first sentence of the redacted information on document DEFS000621 is within the privilege.[1] Defendants, therefore, must provide the information to Plaintiffs.

As to the other redacted information that is within the privilege, the question is whether there has been "a sufficient showing of authentic necessity" for the information to be provided to Plaintiffs. *See Gullini*, 85 F.4th at 85. In the context of the limited expedited discovery contemplated in this case, as to the documents that reflect the sources of information, the Court is not persuaded that the standard of "authentic necessity" has been satisfied. At this stage of the proceedings (limited expedited discovery on the issues relevant to the preliminary injunction motion),[2] it is sufficient for Plaintiffs to know that ICE agents were aware of potential protests and searched social media and internet sites to determine the protesters' methods and efforts.

---

[1] The information also appears on pages DEFS000630 and DEFS000637.

[2] In the order denying Plaintiffs' motion for a temporary restraining order, the Court identified two contested facts that required further development: "[W]hether Defendants collect and maintain a database of individuals who exercise their First Amendment rights to observe and record immigration enforcement activity," and "whether Defendants maintain a policy and practice of collecting and retaining the data of First Amendment observers or otherwise retaliating against individuals for exercising those same rights." (Order at 17, ECF No. 24.) The limited expedited discovery is primarily designed to address those issues.

B. Document DEFS000834

The document is a template for an ICE training presentation regarding possible interference with operations. The presentation was evidently prepared by or in consultation with Department of Justice counsel. Plaintiffs contend that the attorney-client privilege and the work product doctrine do not apply to training materials. Contrary to Plaintiffs' contention, some training materials can be within the work product doctrine. *See Hawkinson v. Immigr. & Customs Enf't*, 554 F. Supp. 3d 253, 269 (D. Mass. 2021) (noting that work product doctrine applied to training materials for litigation). Upon review of the redacted information, the Court is satisfied that some of the redacted information is within the protection of the work product doctrine and other information is not. Defendants shall produce the first sentence of the redacted information on page 8 (beginning with "However" and ending with "Statute)," and the first sentence of the redacted information on page 11 (beginning with "So" and ending with "around").

## CONCLUSION

After an in camera review of the documents, for the reasons stated above, the Court finds that Defendants must produce (a) the first sentence of the redacted information on document DEFS000621,[3] and (b) the first sentence of the redacted information on page 8 (beginning with "However" and ending with "Statute)," and the first sentence of the

[3] As the Court noted above, the Court's decision is informed to some degree by the limited nature of discovery at this stage of the proceeding. The Court does not address whether more of the redacted information would be discoverable if the matter proceeds and further discovery is conducted following conclusion of the preliminary injunction proceedings.

redacted information on page 11 (beginning with "So" and ending with "around") of Document DEFS000834.

**NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of August, 2026.