UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELINOR HILTON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:26-cv-00092-JAW |
| | ) | |
| TODD LYONS, Acting Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AFTER IN CAMERA REVIEW OF DOCUMENTS**

Citing the First Amendment privilege, Plaintiffs did not produce certain documents responsive to Defendants' discovery requests. Defendants challenged Plaintiffs' assertion of the privilege and their refusal to produce the documents. The privilege log prepared by Plaintiffs reveals that the documents consist of communications among members of a social media chat group organized to monitor the activities of United States Immigration and Enforcement (ICE) agents.

After considering the parties' arguments on the issue, the Court concluded that Plaintiffs had demonstrated a prima facie case of a First Amendment infringement, which showing required Defendants to demonstrate a compelling governmental interest that would require production of the documents. (Order, ECF No. 95.) The Court then concluded that Defendants had failed to establish a need for the names of those who participated in the communications.

As to the substance of the communications, the Court found that given the relatively narrow issues that are the subject of the parties' expedited discovery, the substance of the communications could constitute a compelling governmental interest if the information (a) supported or undermined Plaintiffs' contention that the ICE agents' alleged conduct in January 2026 was pursuant to an agency policy and/or (b) demonstrated that Plaintiffs did not exercise their First Amendment rights after the alleged January 2026 incidents because of the agents' conduct. (Order at 4.) The Court directed Plaintiffs to submit the documents for an in camera review for the Court to determine whether there is a compelling interest that should overcome the protection afforded by the privilege.

Following an in camera review of the documents and the corresponding privilege log, the Court finds that with one exception, the documents do not contain information for which Defendants have a compelling need in the context of the issues for which expedited discovery has been authorized.

The records consist of communications among members of the chat group regarding the monitoring of ICE agents' activities in Maine. As the privilege log reflects, the monitoring activity began in January 2026 and is evidently ongoing with monitoring occurring as recently as September 2, 2026. The documents also lack any information to suggest that members of the group have refrained from their monitoring activities due to the prior actions of ICE agents. Further, with one exception, the documents contain no information that reflects any direct contact with ICE agents.

Documents numbered 0018-0019 appear to be a contemporaneous report from a person who was stopped by law enforcement while driving his motor vehicle and

monitoring ICE activity. While it is unclear whether the person was stopped by ICE agents, the documents arguably include information relevant to Plaintiffs' claim that Defendants have violated their First Amendment rights. Although Defendants might have other documents that describe the encounter, Defendants do not have the real time account of the person who was stopped. Because a central issue in the anticipated preliminary injunction proceeding is whether Defendants maintain a database of individuals who exercise their First Amendment rights to observe and record ICE activity, the Court finds Defendants have demonstrated a compelling need for the documents—to assess and prepare for evidence that might be presented in connection with Plaintiffs' request for a preliminary injunction. Accordingly, the Court orders that Plaintiffs must produce document numbered 0018 beginning with the entry at 12:37:38 p.m. through document numbered 0019 at 12:44:37 p.m., with the names of the participants redacted.[1] Plaintiffs are not required to produce any of the other documents submitted for the in camera review.

**NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of September, 2026.

---

[1] If Plaintiffs intend to call the individual who was stopped as a witness or to obtain a declaration from the individual in connection with the preliminary injunction proceeding, or if Plaintiffs intend to cite the encounter as evidence in the proceeding, Plaintiffs shall notify Defendants. In that event, at Defendants' request, the Court would convene a conference to discuss whether Plaintiffs must disclose the identity of the individual before the preliminary injunction pleadings are complete.