**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>Defendants. | Case No. 2:26-cv-00092-JAW |

# EXHIBIT 15

## AUGUST 28, 2026 INTERROGATORY RESPONSE #9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,

Defendants.

Case No. 26-cv-00092-JAW

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' EXPEDITED SECOND SET OF INTERROGATORIES TO ELINOR HILTON AND COLLEEN FAGAN**

# PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' EXPEDITED SECOND SET OF INTERROGATORIES TO ELINOR HILTON AND COLLEEN FAGAN

Plaintiffs Elinor Hilton and Colleen Fagan, through their counsel, hereby respond and object to Defendants' Expedited Second Set of Interrogatories (the "Interrogatories") to Elinor Hilton and Colleen Fagan as follows:

## GENERAL OBJECTIONS

These General Objections apply to each and every Interrogatory and are incorporated by reference into each specific response as though fully set forth therein. Plaintiffs' assertion of specific objections to individual Interrogatories does not constitute a waiver of any General Objection, and Plaintiffs expressly reserve all rights to supplement, clarify, or correct these responses as discovery proceeds.

1. **Attorney-Client Privilege, Work-Product Doctrine, and Other Privileges.** Plaintiffs object to each and every Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the First Amendment privilege, or any other applicable privilege or immunity recognized under federal law or applicable case law. Any inadvertent disclosure of privileged or protected material shall not constitute a waiver of any applicable privilege or protection pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).

2. **Scope of Expedited Discovery.** Plaintiffs object to each and every Interrogatory to the extent it exceeds the permissible scope of the expedited discovery authorized by the Court's scheduling order (ECF No. 26), which was limited to issues relevant to Plaintiffs' anticipated motion for a preliminary injunction. Defendants' sweeping demands that Plaintiffs account for their political associations, protest attendance, and communications about ICE

"agents, employees, contractors, or other representatives." To the extent this Instruction encompasses Plaintiffs' attorneys, it seeks privileged and work-product-protected information.

9. Plaintiffs object to Instruction D to the extent it imposes obligations beyond those required by the Federal Rules, including any requirement to describe in exhaustive detail the investigative steps undertaken to locate responsive information.

10. Plaintiffs object to Instruction E to the extent it purports to impose supplementation obligations beyond those required by Fed. R. Civ. P. 26(e). Plaintiffs will supplement as required by the Federal Rules.

11. Plaintiffs object to Instruction H as an improper and legally ineffective attempt to use Interrogatory responses to limit Plaintiffs' presentation at trial. The admissibility and use of evidence at trial is governed by the Federal Rules of Evidence and Civil Procedure, not by Defendants' unilateral instructions in discovery requests. This Instruction has no legal effect, and Plaintiffs will not be bound by it.

## PLAINTIFFS' SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 9:** IDENTIFY all DATABASES that collected, maintained, or disseminated any information of federal employees that YOU are a creator of, participant in, or copied on, or of which YOU had access to, including, but not limited to, the document that Plaintiff Hilton testified to in her deposition that she described as both a "database" and an "AirTable." See, e.g., Hilton Dep. 35:23-36:4.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference each of their General Objections as though fully set forth herein. Plaintiffs further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the First Amendment privilege, or any other applicable privilege or protection; to the extent it seeks information that is not relevant to any claim or defense at issue

in this action and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1); to the extent it exceeds the scope of expedited discovery authorized by the Court; to the extent it seeks identification of third parties engaged in First Amendment-protected activity or communications with or among third parties that are protected by the First Amendment privilege; to the extent that it seeks information that Plaintiffs Hilton and Fagan have already testified are not within their possession, custody, or control; and to the extent it employs vague, ambiguous, or overbroad terms, including the term "Database." Plaintiffs further object to this Interrogatory to the extent that it is interposed for an improper purpose, including to harass Plaintiffs, chill Plaintiffs' or others' continued exercise of First Amendment rights, or investigate or inquire into third parties or events that are not within the scope of this litigation.

**INTERROGATORY NO. 10:** IDENTIFY all PERSONS, entities, organizations, and groups with whom YOU have exchanged COMMUNICATIONS CONCERNING any DATABASE, from January 1, 2026, to the present.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate by reference each of their General Objections as though fully set forth herein. Plaintiffs further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the First Amendment privilege, or any other applicable privilege or protection; to the extent it seeks information that is not relevant to any claim or defense at issue in this action and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1); to the extent it exceeds the scope of expedited discovery authorized by the Court; to the extent it seeks identification of third parties engaged in First Amendment-protected activity or communications with or among third parties that are protected by the First Amendment privilege; to the extent that it seeks information that Plaintiffs Hilton and Fagan have already testified are not within

Dated: August 28, 2026

Respectfully submitted,

*/s/ JoAnna Suriani*
JoAnna Suriani*
Janine M. Lopez*
Ori Lev*
F. Elias Boujaoude*
**Protect Democracy Project**
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
(202) 579-4582
joanna.suriani@protectdemocracy.org
janine.lopez@protectdemocracy.org
ori.lev@protectdemocracy.org
elias.boujaoude@protectdemocracy.org

Melissa A. Hewey
David M. Kallin
**Drummond Woodsum**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 253-0528
mhewey@dwmlaw.com
dkallin@dwmlaw.com

Genevieve Nadeau*
Kenneth Parreno*
**Protect Democracy Project**
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
genevieve.nadeau@protectdemocracy.org
kenneth.parreno@protectdemocracy.org

Jessica Marsden*
**Protect Democracy Project**
101 Glen Lennox, Suite 300
Chapel Hill, NC 27517
(202) 579-4582
jess.marsden@protectdemocracy.org

Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
Yotam Barkai*
John Paredes*

Benjamin J. Cabranes*
Tyler T. Mikulis*
**Dunn Isaacson Rhee LLP**
401 9th Street, NW
Washington, DC 20004
(202) 240-2900
kdunn@dirllp.com
jrhee@dirllp.com
ratkinson@dirllp.com
ybarkai@dirllp.com
jparedes@dirllp.com
bcabranes@dirllp.com
tmikulis@dirllp.com

**Pro hac vice*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on August 28, 2026, I caused a copy of the foregoing to be served via e-mail on counsel of record for Defendants.

/s/ *Benjamin J. Cabranes*
BENJAMIN J. CABRANES
Dunn Isaacson Rhee LLP
401 9th St NW
Washington, D.C. 20004