# Defendants' Motion to Dismiss, Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

HILTON, et al.

Plaintiff,

-versus-

NOEM, et al.

Defendant.

CIVIL ACTION
Docket No. 2:26-cv-00092-JAW

Transcript of Proceedings

Pursuant to notice, the above-entitled matter came on for Discovery Dispute Hearing, held before **THE HONORABLE JOHN C. NIVISON**, United States Magistrate Court Judge, in the United States District Court, Margaret Chase Smith Federal Building & Courthouse, 202 Harlow Street, Bangor, Maine, on the 12th day of May, 2026, at 11:03 a.m. as follows:

Appearances:

For the Plaintiff: Joanna Suriani, Esquire

For the Defendant: Natalie Villalon, Esquire

Leslie E. Gilmore, RPR
Official Court Reporter

(Prepared from manual stenography and computer-aided transcription.)

would be appropriate.

And so we -- we know that the Court finds these are important. We knew plaintiff wants preliminary injunctive relief. We will agree to this for a limited purpose, and that was our calculus as we were going into this process and -- and, yet -- yeah. It turns out we've asked plaintiff are they seeking a 30(b)(6) in order to prove or obtain facts that are needed for their future class discovery motion and plaintiff hasn't given us a clear answer. They suggested that they are seeking discovery during the expedited discovery that is going to support a motion for class certification. That was not concentrated at the outset.

Plaintiffs are adding two additional plaintiffs to this case and are now seeking expedited discovery with respect to those additional plaintiffs and then those plaintiffs encountered with officers. That isn't the scope of what we initially agreed to for expedited discovery and what was before the Court and TRO order.

We have offered the plaintiff to move

directly into regular discovery period ending from where in September and moving directly into expedited summary judgment motion. Plaintiff has disagreed with that; but at the same time, they're extending the scope of expedited discovery and what we agreed to.

So what it's doing is seeking the Rule 26 prospect and skipping the need for a conference and treating this period as the same as a regular discovery period when that's simply not the case.

THE COURT: Ms. Suriani, do you want to address -- I think you were about to respond when I asked a follow-up question of defendants. So you can share with me what you wanted to share, then, and respond to anything you'd like to respond to. I have a couple questions, as well. Go ahead.

MS. SURIANI: Sure. Thank you, Your Honor. I think would point here. So the first is I forget if it was counsel suggested that maybe -- (inaudible) issues deposition and this 30(b)(6). That's something we're open to, Your Honor. The reason we noticed 30(b)(6) first is because we -- (inaudible) --

ever can corroborate on the new list of the -- (inaudible) -- 30(b)(6) deposition. We notified defendants at either one or two weeks before we noticed the first notice and then asked for a conference to discuss the topics. And the reason that -- the reason it was noted first is for two reasons.

One, is defendants requested that we noticed enough time to talk with them to react to the topic and negotiate. The second is because they're documents that -- it's impossible for us to determine which two agents we're going to notice deposition for because we only received our first production last Wednesday May 6, which is actually ten days after the date that we were originally agreed we'd start with these documents, and the Court has made substantial deadlines for all documents in this case.

So we're happy to work with defendants and typically in 30(b)(6) deposition date would be kicked out for a week to give them time to prepare and also a sequencing of the agents and then the 30(b)(6) very well may make sense. We're happy to work with them on

that.

The second issue is related to the entrance of the two new plaintiffs. Yes. We have added two new names, two new plaintiffs, to -- to this action. We were not aware of him at the time that the accident in discovery actually was being worked out. In fact, the incident that gave rise to most of the allegations happened on the same day as the TRO hearing and also when it was first filed. We do think it's our prerogative that if we do get preliminary injunction, which we plan to seek, that it included based on the allegations of the four plaintiffs -- named plaintiffs that we now have; and then we clearly conveyed to defense counsel. We currently plan to file class -- I should say file -- (inaudible) -- for preliminary injunction on behalf of the class although reserving rights to see what we signed in discovery and that could always change -- (inaudible) -- got expedited discovery.

THE COURT: Thank you.

MS. SURIANI: So from our -- from further -- (inaudible) -- with defendants and

on the phone again and iron out whatever remains in dispute.

And with that, I will -- I'll wish you all a good day. Thank you.

* * * * *

(The hearing was concluded at 12:15 p.m.)

* * * * *

**C E R T I F I C A T I O N**

I, Leslie E. Miller, Registered Professional Reporter, and Official Court Reporter for the United States District Court, District of Maine, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated: May 22, 2026

/s/ Leslie E. Miller

Official Court Reporter