**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS,<br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>Defendants. | Case No. 2:26-cv-00092-JAW |

**DECLARATION OF GENEVIEVE NADEAU**

I, Genevieve Nadeau, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am counsel for the Plaintiffs in this case and submit this declaration in support of their Response to Defendants' Limited Objection to the Magistrate Judge's Order Regarding

Plaintiffs' Innovation of Application of the First Amendment Privilege to Withhold Relevant Discovery.

2. Relevant to this dispute are expedited requests for production of documents propounded to all four Plaintiffs that seek the following:

> Hilton RFP No. 3, Fagan RFP No. 7, Pantos RFP No. 3, Williams RFP No. 7:
>
> All DOCUMENTS, WRITINGS, and COMMUNICATIONS that [PLAINTIFF] is a creator of, participant in, or copied on, or otherwise has received a copy, CONCERNING opportunities to observe and/or record ICE activity in Maine, from January 20, 2025, to the present . . . [including specific paragraphs in the complaint and declarations].
>
> Hilton RFP No. 4, Fagan RFP No. 8, Pantos RFP No. 4, Williams RFP No. 8:
>
> All DOCUMENTS, WRITINGS, and COMMUNICATIONS in which [PLAINTIFF] is a creator of, participant in, or copied on, or otherwise has received a copy, CONCERNING any chilling effect or other adverse effect—e.g., any decision to not observe any activity, or to not travel, or any psychological harm—allegedly caused by the [SPECIFIC ENCOUNTER].

3. Also referenced in Plaintiffs' brief are the following discovery requests, propounded to all four Plaintiffs:

> Hilton RFP No. 2, Fagan RFP No. 6, Pantos RFP No. 2, Williams RFP No. 6:
>
> All DOCUMENTS, WRITINGS, and COMMUNICATIONS created, delivered, or posted (including DOCUMENTs, WRITINGS, and COMMUNICATIONS that were commented on or "liked") by [PLAINTIFF] reflecting her beliefs and opinions regarding law enforcement personnel, operations, tactics, and activity, from January 20, 2025, to the present.
>
> Interrogatory No. 4 (to all Plaintiffs):
>
> IDENTIFY all PROTESTS YOU have attended from January 20, 2025, to the present.

4. In response to Defendants' requests for documents concerning "opportunities to observe and/or record ICE activity in Maine," and in addition to asserting a number of objections, Plaintiffs withheld in full potentially responsive community group Signal chats on

First Amendment privilege grounds. Plaintiffs produced potentially responsive smaller group chats and one-on-one chats involving a plaintiff, but redacted them to the extent that they contain information regarding: (1) the specific purposes or priorities of a particular community Signal group; or (2) the strategies used by one or more community Signal groups; and (3) third-party Signal usernames and other contact information. Plaintiffs also provided Defendants with separate privilege logs for the withheld and redacted documents.

5. True and correct copies of the most recent versions of those privilege logs are attached hereto as **Exhibits A and B** (the former of which was submitted to Judge Nivison to facilitate his *in camera* review of the fully withheld documents), and Plaintiffs' original transmittal letter dated June 12, 2026 is attached as **Exhibit C.** Although Exhibits A and B have been designated as "Attorney Eyes Only" pursuant to the Heightened Confidential Order in place for this litigation (ECF No. 28), Plaintiffs are filing them on the docket in the interest of public access to these proceedings (redacting only personally identifying information, including irrelevant third-party names).

6. After conferring with counsel for Defendants, Plaintiffs further agreed to provide the names of the participants in most of the smaller group and one-on-one chats (category (3) above), with the exception of a handful of chats that are part of, or closely related to, the community group Signal chats—and provided that information to counsel in advance of Plaintiffs' depositions on July 23 and 24.

7. Also relevant to this dispute are several related categories of questions that counsel for Defendants posed to the Plaintiffs during their depositions regarding the community group Signal chats (sometimes referred to as "rapid response" chats): who organizes or administers the community group Signal chats (Pantos Dep. 33:14–15; Williams Dep. 46:12–13;

Hilton Dep. 49:1–3); the number of people in the community group Signal chats (Pantos Dep. 31:7–8; Williams Dep. 45:16–17); whether particular individuals participate in the community group Signal chats (Pantos Dep. 32:16–19; Hilton Dep. 140:15–22, 194:11–13); whether any public officials or political figures or groups participate in the community group Signal chats (Williams Dep. 46:15–16; Hilton Dep. 63:13–64:1, 197:6–205:24); whether the community group Signal chats include people from outside of Maine (Pantos Dep. 31:15–20; Williams Dep. 45:15–46:5; Hilton Dep. 40:25–41:12); how the community groups operate (Williams Dep. 105:9–20; Hilton Dep. 41:16–42:11); and whether the community groups discussed certain topics (Williams Dep. 105:23–106:3). Following instructions from counsel, Plaintiffs declined to answer these questions on First Amendment privilege grounds.

8. Attached are true and correct excerpts from the following transcripts of Plaintiffs' depositions. These transcript excerpts have been designated as "Confidential" or "Attorney Eyes Only" pursuant to the Heightened Confidential Order, but Plaintiffs are filing them on the docket in the interest of public access to these proceedings (redacting only personally identifying information, including irrelevant third-party names).

a. **Exhibit D**— transcript of the July 23 deposition of Plaintiff Pantos.

b. **Exhibit E**— transcript of the July 23 deposition of Plaintiff Williams.

c. **Exhibit F**—transcript of the July 24 deposition of Plaintiff Hilton.

d. **Exhibit G**—transcript of the July 24 deposition of Plaintiff Fagan.

9. Attached hereto as **Exhibit H** is a true and correct copy of Signal messages produced by Defendants as DEFS001746. Defendants have designated this document "Confidential" pursuant to the Heightened Confidential Order, but agreed to filing it on the docket with the applied redactions.

10. On August 7, 2026, Defendants propounded a second set of interrogatories and documents requests to Plaintiffs Hilton and Fagan seeking discovery into "databases" of government employees. *See* ECF No. 109-6. Among other things those requests ask Plaintiffs to:

> "IDENTIFY all PERSONS, entities, organizations, and groups with whom YOU have exchanged COMMUNICATIONS CONCERNING any DATABASE, from January 1, 2026, to the present."

The requests also seek related documents and define "database" broadly as follows:

> DATABASE means any DOCUMENT, including any spreadsheets created by or accessible to Plaintiffs Hilton or Fagan, where data was stored that identified any federal employees or vehicles in any manner or that identify immigration-related detention events, including the time and location of those events, and any federal, state, or local agencies involved. Without limiting the generality of the foregoing, that includes any data pertaining to license plates of vehicles, descriptions of vehicles, names of federal employees, badge numbers of law enforcement officers, physical descriptions of federal employees, pictures of federal employees, pictures of vehicles, hotel information, information about federal employees' homes or families, or any other identifying information.

Defendants have not meaningfully met and conferred with Plaintiffs regarding their objections to the requests (which include threshold relevance and proportionality objections, in addition to asserting the First Amendment privilege with respect to some potentially responsive documents), nor have they raised the issue directly with the Court as required by Local Rule 26(c) and as directed by Judge Nivison. *See* Transcript of Proceedings, pg. 36 (Sept. 2, 2026).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026.

*/s Genevieve Nadeau*
Genevieve Nadeau