**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS,<br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,<br><br>Defendants. | Case No. 26-cv-00092-JAW |

**PLAINTIFFS' MOTION FOR AN ORDER TEMPORARILY SEALING THEIR MOTION FOR PRELIMINARY INJUNCTION, EXHIBITS, AND DECLARATIONS, AND FOR AN EXPEDITED BRIEFING SCHEDULE**

Pursuant to Local Rules 5.2(a) and 7, and guidance from the Court at a discovery conference on September 2, 2026, Plaintiffs move to file their Motion for Preliminary Injunction and certain supporting materials (exhibits to the Declaration of Melissa A. Hewey, deposition

excerpts, and two declarations) listed below under seal until such time as the Court rules on Defendants' expected substantive motion to seal. Plaintiffs also move for an expedited scheduling order governing the motion to seal. The reasons for this motion are as follows:

**Exhibits & Attachments**

1. Defendants have designated nearly every document produced in discovery, and every page of every deposition of Defendants' agents/officers/representatives, as Confidential or Attorney's Eyes Only (collectively, "Protected Information") under the Heightened Confidentiality Order (ECF No. 28), including each of the documents listed below, which are submitted in support of Plaintiffs' Motion for Preliminary Injunction.

2. In an attempt to confer with Defendants under Local Rule 5.2(e)(2), Plaintiffs proposed redactions to the documents and materials Plaintiffs intended to file in support of Plaintiffs' Motion for Preliminary Injunction and sought Defendants' consent to file the redacted documents on the public record.

3. Plaintiffs began the conferral on September 2, 2026, by sharing with Defendants a list of documents and deposition excerpts Plaintiffs were likely to rely upon, along with descriptive categories of information to be redacted (e.g., PII, vehicle identifying information), seeking Defendants' consent to file the material, with the proposed redactions, on the public record. Plaintiffs continued to attempt to confer by forwarding copies of fewer than 100 documents and six excerpted deposition transcripts, with proposed redactions marked, on a rolling basis on September 4, September 8, and the morning of September 9.

4. As of 11 a.m. on September 10, the day before Plaintiffs' Motion for Preliminary Injunction was due to be filed, Defendants had yet to provide a substantive response to Plaintiffs' requests. The only response Defendants provided was that (i) they agreed that "at a minimum"

the categories of information Plaintiffs proposed for redaction should be redacted, and (ii) they objected to disclosing the names of the federal agents and officers who interacted with Plaintiffs and suggested that they instead be referred to solely by their initials. Accordingly, Plaintiffs notified Defendants that in light of the timeline and Defendants' failure to provide a concrete position as to any specific documents Plaintiffs intended to file, Plaintiffs would be compelled to file all of the exhibits in support of their Motion for Preliminary Injunction that originated with Defendants under seal.

5. At 3 p.m. on September 10, Defendants belatedly consented to filing a total of 11 documents with Plaintiffs' proposed redactions (nine of which Plaintiffs are relying on, indicated with an asterisk below) on the public record. Those exhibits consist of pictures and videos of individuals observing and recording immigration enforcement operations in Maine, a text exchange among agents identifying an observer, a background report on Plaintiff Williams, and two heavily redacted audit logs of agent digital activity. Defendants did not propose any additional redactions to any other documents to enable their publication on the public record, did not consent to filing any redacted deposition transcripts on the public record, and did not otherwise address any of the many other redacted documents or deposition transcript excerpts that Plaintiffs had shared over the prior week. Defendants' consent to the filing of the 11 redacted documents on the public record occurred too late to enable Plaintiffs to effectively redact and segregate the documents for filing on the public record.

6. In finalizing their brief and exhibits for filing on September 10, Plaintiffs identified additional documents and deposition excerpts. Given Defendants' failure to meaningfully engage with respect to the prior material shared with them, and the exigencies of

filing, Plaintiffs did not share these materials with Defendants in advance of filing. They are indicted with a double asterisk below.

7. Plaintiffs believe that all of the exhibits/attachments and declarations listed below, with Plaintiffs' proposed redactions under Local Rule 5.2, are appropriate for filing on the public record. *FTC v. Standard Fin. Mgmt*, 830 F.2d 404, 409 (1st Cir. 1987) ("relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."); *Tourangeau v. Nappi Distributors*, 2022 WL 768688, at *1 (D. Me. 2022) ("once a document is deemed a judicial record, a presumption of public access applies and a court may seal such a document only when the proponent of the sealing offers a 'sufficient justification for sealing.'") (quoting *U.S. v. Kravetz*, 706 F.3d 47, 61 (1st Cir. 2013)). The exhibits/attachments filed herewith include yellow highlighting indicating the redactions Plaintiffs propose (and shared with Defendants in most instances) to enable filing on the public record.

8. Pursuant to the terms of the Heightened Confidentiality Order, and in order to afford Defendants an opportunity to move to seal these documents, Plaintiffs are required to file the following documents under seal:

A. Deposition excerpts of the following depositions[1]:

J.C.
S.C.
D.L.
J.R.
ICE 30(b)(6)
CBP 30(b)(6)

[1] Plaintiffs are identifying deponents by initials in light of Defendants' objection to identifying the names of agents/officers on the public record.

B. The following exhibits to the Declaration of Melissa A. Hewey[2]:

Exhibit 9 — HILTON-MAINE2026-DEFS000001*.
Exhibit 10 — HILTON-MAINE2026-DEFS000002*.
Exhibit 13 — HILTON-MAINE2026-DEFS000112**.
Exhibit 14 — HILTON-MAINE2026-DEFS000114**.
Exhibit 15 — HILTON-MAINE2026-DEFS000118.
Exhibit 16 — HILTON-MAINE2026-DEFS000119.
Exhibit 17 — HILTON-MAINE2026-DEFS000235.
Exhibit 18 — HILTON-MAINE2026-DEFS000311.
Exhibit 19 — HILTON-MAINE2026-DEFS000316**.
Exhibit 20 — HILTON-MAINE2026-DEFS000318.
Exhibit 21 — HILTON-MAINE2026-DEFS000320.
Exhibit 22 — HILTON-MAINE2026-DEFS000322*.
Exhibit 23 — HILTON-MAINE2026-DEFS000335*.
Exhibit 24 — HILTON-MAINE2026-DEFS000338*.
Exhibit 25 — HILTON-MAINE2026-DEFS000339*.
Exhibit 26 — HILTON-MAINE2026-DEFS000340*.
Exhibit 27 — HILTON-MAINE2026-DEFS000343*.
Exhibit 28 — HILTON-MAINE2026-DEFS000344*.
Exhibit 29 — HILTON-MAINE2026-DEFS000478.
Exhibit 30 — HILTON-MAINE2026-DEFS000482.
Exhibit 31 — HILTON-MAINE2026-DEFS000517.
Exhibit 32 — HILTON-MAINE2026-DEFS000549.
Exhibit 33 — HILTON-MAINE2026-DEFS000620.
Exhibit 34 — HILTON-MAINE2026-DEFS000645.
Exhibit 35 — HILTON-MAINE2026-DEFS000649.
Exhibit 36 — HILTON-MAINE2026-DEFS000653.
Exhibit 37 — HILTON-MAINE2026-DEFS000657.
Exhibit 38 — HILTON-MAINE2026-DEFS000661.
Exhibit 39 — HILTON-MAINE2026-DEFS000665.
Exhibit 40 — HILTON-MAINE2026-DEFS000669.
Exhibit 41 — HILTON-MAINE2026-DEFS000672.
Exhibit 42 — HILTON-MAINE2026-DEFS000675.
Exhibit 43 — HILTON-MAINE2026-DEFS000679.
Exhibit 44 — HILTON-MAINE2026-DEFS000683.
Exhibit 45 — HILTON-MAINE2026-DEFS000831.
Exhibit 46 — HILTON-MAINE2026-DEFS000834.
Exhibit 47 — excerpts of HILTON-MAINE2026-DEFS000852-1241.
Exhibit 48 — excerpts of HILTON-MAINE2026-DEFS001242-1419.
Exhibit 49 — excerpts of HILTON-MAINE2026-DEFS001420-2108.
Exhibit 50 — HILTON-MAINE2026-DEFS002109**.
Exhibit 51 — HILTON-MAINE2026-DEFS002167**.
Exhibit 52 — HILTON-MAINE2026-DEFS002171**.
Exhibit 53 — HILTON-MAINE2026-DEFS002205**.

[2] BATES numbers indicate the first page of an exhibit.

Exhibit 54 — HILTON-MAINE2026-DEFS020621.
Exhibit 55 — HILTON-MAINE2026-DEFS020639.
Exhibit 56 — HILTON-MAINE2026-DEFS020672.
Exhibit 57 — HILTON-MAINE2026-DEFS021726.
Exhibit 58 — HILTON-MAINE2026-DEFS021949.
Exhibit 59 — HILTON-MAINE2026-DEFS022049**.
Exhibit 60 — HILTON-MAINE2026-DEFS022135**.
Exhibit 61 — Defendants' 1st Supplemental Response to Plaintiffs' Expedited First Set of Interrogatories, dated April 22, 2026**.
Exhibit 62 — Defendants' Response to Plaintiffs' Expedited Second Set of Interrogatories, dated May 20, 2026**.
Exhibit 64 — Defendants' Privilege Log dated August 19, 2026**.
Exhibit 67 — HILTON-MAINE2026-DEFS000466**.

C. The following declarations:

Supplemental Declaration of Carlyn Williams
Declaration of Hillary Neff

**<u>Motion for Preliminary Injunction</u>**

9. In light of the breadth of Defendants' designation of material as Protected Information under the Heightened Confidentiality Order, and Defendants' failure to engage in a good faith effort to agree to redactions to enable material to be filed on the public record, Plaintiffs are unable to file their Motion for Preliminary Injunction—even in redacted form—on the public record. The information designated as Protected Information by Defendants is extensive and so inextricably intertwined with the narrative and argument that any effort to produce a redacted version of the Motion for Preliminary Injunction would not only produce a version of the brief that is difficult for a public reader to understand, but would be fraught with the risk of inadvertent disclosure of designated material (absent, of course, Plaintiffs obtaining Defendants' approval of their proposed redacted Motion *before* filing, which is unreasonable and no longer feasible before the filing deadline). Accordingly, Plaintiffs are filing their entire Motion for Preliminary Injunction under seal.

10. For the avoidance of doubt, Plaintiffs believe the entire Motion for Preliminary Injunction should be filed on the public record with no redactions. *Standard Fin. Mgmt*, 830 F.2d at 409; *Tourangeau*, 2022 WL 768688, at *1. But in light of Defendants' designations under the Heightened Confidentiality Order, Plaintiffs have no choice but to file the Motion under seal at this time.

**Declarations**

11. Defendants' designation of certain information as Protected Information also necessitates the filing under seal of unredacted versions of the Supplemental Declaration of Plaintiff Carlyn Williams and the Declaration of third-party witness Hillary Neff, as those declarations reference information contained in documents labeled Confidential by Defendants. (Although the Court authorized sharing certain information with Ms. Neff, *see* Order on Discovery Issues (ECF No. 95), she is required to keep that information confidential under paragraph 11 of the Heightened Confidentiality Order.) Redacted versions of the declarations are being filed on the public record; the information redacted from the public record versions is highlighted in grey on the sealed versions of the declarations.

**Forthcoming Briefing Schedule**

12. It is Defendants' burden to establish that there is a legal basis for sealing the documents and information at issue, and Defendants have indicated their intention to file a motion to seal setting forth their arguments for keeping the material under seal.

13. The parties earlier conferred and agreed upon the following briefing schedule for Defendants' anticipated motion to seal:

| | |
|---|---|
| Defendant' Motion to Seal: | September 18, 2026 |
| Plaintiffs' Opposition: | September 25, 2026 |

Defendants' Reply: September 30, 2026

However, in light of Defendants' failure to engage on this issue in a meaningful way and Plaintiffs' resulting inability to file even a redacted version of their Motion today, Plaintiffs ask for a further expedited schedule that resolves the matter *within as soon as one week.* At a minimum, Plaintiffs would like leave (if not agreement of the parties) to file at least a minimally redacted version of their brief while a broader motion to seal is pending.

**WHEREFORE**, Plaintiffs move the Court for (1) an expedited briefing schedule on the issue of sealing; and (2) permission to file Plaintiffs' Motion for Preliminary Injunction and the exhibits/attachments and declarations in support thereof listed above under seal until either (a) such time as the Court resolves Defendants' anticipated motion to seal, or (b) if Defendants do not file such a motion by September 18, 2026 (or an earlier date as set by the Court), until one day after their deadline has passed.

Dated: September 11, 2026

Respectfully submitted,

/s/ Melissa A. Hewey

JoAnna Suriani*
Janine M. Lopez*
Ori Lev*
F. Elias Boujaoude*
**Protect Democracy Project**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
(202) 579-4582
joanna.suriani@protectdemocracy.org
janine.lopez@protectdemocracy.org
ori.lev@protectdemocracy.org
elias.boujaoude@protectdemocracy.org

Genevieve Nadeau*
Kenneth Parreno*

**Protect Democracy Project**
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
genevieve.nadeau@protectdemocracy.org
kenneth.parreno@protectdemocracy.org

Jessica Marsden*
**Protect Democracy Project**
101 Glen Lennox, Suite 300
Chapel Hill, NC 27517
(202) 579-4582
jess.marsden@protectdemocracy.org

Melissa A. Hewey
David M. Kallin
**Drummond Woodsum**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 253-0528
mhewey@dwmlaw.com
dkallin@dwmlaw.com

Karen L. Dunn*
Jeannie S. Rhee*
L. Rush Atkinson*
Yotam Barkai*
John Paredes*
Benjamin J. Cabranes*
Tyler T. Mikulis*
**Dunn Isaacson Rhee LLP**
401 9th Street, NW
Washington, DC 20004
(202) 240-2900
kdunn@dirllp.com
jrhee@dirllp.com
ratkinson@dirllp.com
ybarkai@dirllp.com
jparedes@dirllp.com
bcabranes@dirllp.com
tmikulis@dirllp.com

*Pro hac vice