# EXHIBIT 46

# ICE


ICE
Operations Interference
[Presented by INSERT NAME]
OPLA [LOCATION]
September 30, 2025
U.S. Immigration and Customs Enforcement

Intro

ICE

## Agenda

- 18 U.S.C. § 111
- General Arrest Authorities
- Other Enforcement Avenues
- First Amendment
- Scenarios

U.S. Immigration and Customs Enforcement

ICE

## 18 U.S.C. § 111(a)(1)

Elements:

- Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with
- Any person designated in section 1114
- While engaged in or on account of the performance of official duties

U.S. Immigration and Customs Enforcement

Note for presenters: This slide should highlight that 18 U.S.C. § 111(a)(1) applies to all ICE employees when they are performing their duties.

**Person Designated in 18 U.S.C. § 1114:** "*any officer or employee of the United States or of any agency in any branch of the United States Government* (including any member of the uniformed services)…or any person assisting such an officer of employee in the performance of such duties"

Prior to 1996, the statute only covered Federal officials explicitly identified in the statute or that had been designated by the AG. Following the legislative change in 1996, **all federal employees of all departments and agencies of the executive, legislative and judicial branches of the USG (including military personnel) are covered.**

- **Border Patrol officers** (*Bennett v. United States*, 285 F.2d 567 (5th Cir. 1960))
- **Special agents of the Drug Enforcement Administration** *(United States v. Irick*, 497 F.2d 1369 (5th Cir. 1974))
- **Undercover agents for the Bureau of Narcotics and Dangerous Drugs** (*United States v. Feola*, 420 U.S. 671 (1975))
- **Tribal officers designated as Deputy Special Officers of the Bureau of Indian Affairs** (*United States v. Bettelyoun*, 16

F.3d 850 (8th Cir. 1994))

- **State safety police officer who was a specially deputized U.S. Deputy Marshal working full-time on FBI JTTF** (*United States v. Garrett*, 172 F. App'x 295 (11th Cir. 2006))

ICE

## 18 U.S.C. § 111(a)(2)

Elements:

- Forcibly assaults or intimidates
- Any person who formerly served as a person designated in section 1114
- On account of the performance of official duties during such person's term of service

U.S. Immigration and Customs Enforcement

Note for presenters: This slide highlights that 18 U.S.C. § 111(a)(2) applies to all ICE former employees as well if they are forcibly assaulted or intimidated because of their previous roles at ICE.




Note for presenters: There are three offenses for 18 U.S.C. § 111, presenter should be familiar with the elements of their circuit's simple assault.

**<u>A misdemeanor violation of § 111(a)</u>** will be found if the defendant's acts constitute "only simple assault." The Ninth Circuit defines "simple assault" as either a willful attempt to inflict injury upon the person of another (*e.g.*, someone who threw a punch at an officer and missed), or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm (*e.g.*, someone who pointed a gun, in an angry and threatening manner, at a person nearby, who was made fearful because he did not know whether the gun was loaded or not, though the gun was actually unloaded). *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008). *United States v. Acosta-Sierra*, c, 1117-18 (9th Cir. 2012) (internal citations omitted).

**<u>It is a felony</u>** with a maximum sentence of eight years under § 111(a) if the defendant's acts "involve *physical contact* with the victim of that assault or the intent to commit another felony" (*e.g.*, someone who punched an officer). The Ninth Circuit has upheld an 18 U.S.C. § 111 conviction where force used was as little as jolting a prosecutor in the courthouse hallway (who was prosecuting a tax case the defendant was interested in). *United States v. Sommerstedt*, 752

F.2d 1494 (9th Cir. 1985), *cert. denied*, 474 U.S. 851 (1985).

**Felony with enhanced penalty**, maximum sentence of 20 years under § 111(b) applies if the offender used a deadly or dangerous weapon, or if the offender intentionally committed an assault and *bodily injury* resulted to the victim. *United States v. Bell*, 158 F.Supp.3d 906, n. 8 (N.D. Cal. 2016).




Common law simple assault = intent + fear of battery OR attempt to cause harm

2nd Cir: *United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999) (“Section 111 creates three distinct categories of conduct: (1) simple assault, which, in accord with the common-law definition, does not involve touching; (2) ‘all other cases,’ meaning assault that does involve contact but does not result in bodily injury or involve a weapon; and (3) assaults resulting in bodily injury or involving a weapon.”); *United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012)
4th Cir: *United States v. Briley*, 770 F.3d 267, 273 (assault is not a required element of Section 111(a) or of the “physical contact” felony in Section 111)
5th Cir: *United States v. Williams*, 602 F.3d 313, 318 (misdemeanor conviction under Section 111(a)(1) does not require underlying assaultive conduct)
6th Cir: *United States v. Gagnon*, 553 F.3d 1021, 1026 (6th Cir. 2009) (Government does not need to prove elements of assault for all 6 verbs in Section 111(a)(1) because it would make 5 of the 6 superfluous)
7th Cir: *United States v. Stands Alone*, 11 F.4th 532 (7th Cir. 2021) (assault was not an essential element and government could secure conviction by demonstrating that defendant forcibly committed at least 1 of the 6 acts in Section 111(a)(1) against a federal officer)

9th Cir: *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008) (convictions under this statute require at least some form of assault)
10th Cir: *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016) (assault is an element of every conviction under 18 U.S.C. 111); *United States v. Disney*, (253 F.3d 1211 (D.N.M. 2001) (no violation of Section 111 because threat was not coupled with a present ability to inflict harm on agent (so no common law assault))
D.C. Cir: *United States v. Brown*, 125 F.4h 1186, 1209 (D.C. Cir. 2025) (while only 'assault' requires actual injury or threat of injury, the other actions listed necessarily carry a risk of injury because they must be undertaken 'forcibly.' . . . Moral equivalence between assault and the other means of violation Section 111(a)(1) can thus 'reasonably be found.'")

<u>Circuits that don't fall into a defined camp</u>
1st Cir: *United States v. Taylor*, 848 F.3d 376 (1st Cir. 2017) (forcible action can be physical contact or threat to inspire fear.) – this sounds like the underlying elements of assault, but the defendant was in fact charged with assault with deadly weapon, so not sure we can extrapolate this sentence to non-assault contexts. ("The government must also prove an assault, or a similar act of resisting, opposing, or impeding an officer." and then addresses common law definition of assault) – so 1st Cir. could go either way
3rd Cir: unable to locate case law on point
8th Cir: unable to locate case law on point
11th Cir: *United States v. LaRosa*, 236 F. App'x 584 (11th Cir. 2007) (mentioning that defendant was charged with violating Section 111(a), "which includes numerous actions short of assault")




Notes for Presenters: Highlight ERO's authorities, HSI's authorities, peace officer authorities in your circuit and mention the possibility of *Bivens* liability.

**8 U.S.C. § 1357** – Powers of Immigration Officers and Employees
(5) To make arrests-
(A) for **any offense** against the United States**, if the offense is committed in the officer's or employee's presence**, or
(B) **for any felony cognizable under the laws of the United States**, if the officer or employee has **reasonable grounds** to believe that the person to be arrested has **committed or is committing such a felony**,
if the officer or employee is performing duties **relating to the enforcement of the immigration laws at the time of the arrest** and if there is a **likelihood of the person escaping** before a warrant can be obtained for his arrest.
8 U.S.C. § 1357

**19 U.S. Code § 1589a(2)** - Enforcement authority of customs officers: "… an officer of the customs may **make an arrest without a warrant for any offense against the United States committed in the officer's presence** or for **a felony**,

cognizable under the laws of the United States **committed outside the officer's presence** if the officer **has reasonable grounds to believe that the person to be arrested has committed or is committing a felony**"

There is **no federal statute that authorizes HSI Special Agents to enforce state law.** HSI Special Agents may be permitted in some states to enforce certain state laws as **state peace officers**, whether by statute or by cross-designation, **or as private citizens**. [redacted]

For example, though ICE personnel are not given state peace officer status in California, they could make state law arrests under California Penal Code § 837 which authorizes private persons to arrest another for a public offense committed or attempted in his presence; when the person arrested has committed a felony, although not in his presence; or when a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it.

ICE

## Other Enforcement Avenues

- 18 U.S.C. § 115(a)(1)(B) – threatening to assault with intent to impede
- 18 U.S.C. § 372 – conspiracy to impede or injure officer
- 18 U.S.C. § 231 – obstruction during civil disorders
- 18 U.S.C. §§ 1503 and 1505 – obstruction of judicial/agency proceedings

U.S. Immigration and Customs Enforcement

Notes for Presenters: While this presentation is focused on 18 U.S.C. § 111, there are other enforcement avenues. The next two slides are other options that can be considered as well.

**18 U.S.C. § 115(a)(1)(B)** - D threatens to assault/kidnap/murder a federal law enforcement officer or member of the officer's immediate family with the intent to either (1) impede/intimidate/interfere with the officer, or (2) retaliate against the officer engaged in or on account of official duties.
Whoever threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

**18 U.S.C. § 372** – 2+ Ds conspire to prevent, by force/intimidation/threat, any officer from discharging his/her duties, or to injure an officer's person/property because of his discharge of duties.

**<u>18 U.S.C. § 231</u>** – D obstructs, impedes or interferes with an officer during a civil disorder that affects commerce or a federally protected function. Civil disorder = acts of violence by a group of 3+ people that causes an immediate danger of, or damage/injury to, property or another person.

**<u>18 U.S.C. §§ 1503 and 1505</u>** - D threatens to assault/kidnap/murder a federal law enforcement officer or member of the officer's immediate family with the intent to either (1) impede/intimidate/interfere with the officer, or (2) retaliate against the officer engaged in or on account of official duties.
Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States… shall be fined under this title…" (1505) or shall be punished under subsection (b) including imprisonment up to 10 years (1503)

- Note that SCOTUS recently opined on a similar charge, 18 USC 1512, but ultimately refrained from providing a complete answer to the question of what "corruptly" means in this context. Note that this is a charge grounded in RICO and jury intimidation/interference. It could certainly apply to obstruction in an enforcement action, but elements for 18 USC 111 would almost always be present as well.




**<u>18 U.S.C. § 1501</u>** – D willfully obstructs/resists/opposes a federal law enforcement officer attempting to serve any legal or judicial writ or process of any court of the United States.

**<u>18 U.S.C. § 2</u>** – Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

**<u>18 U.S.C. § 2261A</u>** - Whoever travels in interstate or foreign commerce . . . with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that places that person in reasonable fear of the death of, or serious bodily injury to that person. . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A) . . . . shall be punished as provided in section 2261(b) or section 2261B, as the case may be.
Penalties range from life (for death of a victim) to "not more than 5 years." *See* 18 U.S. Code § 2261.

**<u>18 U.S.C. § 1361</u>** – D damages or attempts to damage federal property.

**<u>41 CFR § 102-74.390</u>** – At federal building, D loiters, exhibits disorderly conduct, creates loud noise, unreasonably obstructs entrances, impedes work of government employees, or prevents the public from obtaining administrative services provided on the property in a timely manner. **[KD/HL: individual must be provided with notice before an arrest (posted signage, verbal warning from officer about prohibition and consequences. example of sustained 41 CFR 102.74-.390 violation – *United States v. Moriello*, 980 F.3d 924 (4th Cir. 2020) (IJ gave repeated orders for attorney in gallery to stop using phone and she refused, then was issued misdemeanor citation)]**




Notes for Presenters: So far, we have focused on criminal statutes and prosecution options. Let’s now address accomplishment of the mission when an individual seeks to disrupt or impede a law enforcement action:

Emphasis that they <u>are</u> permitted to use a reasonable amount of force to move someone physically obstructing them in their enforcement efforts. However, their actions must be objectively reasonable under the totality of the facts and circumstances. What does that mean?

The totality of the facts and circumstances are all factors existing in each individual case which are used to determine the reasonableness of an Authorized Officer’s actions. These factors include, but are not limited to:

a) The seriousness of the offense at issue;
b) Whether the subject poses an imminent threat to the safety of the Authorized Officer or others;
c) Whether the subject is actively resisting or attempting to evade arrest by flight;

d) Whether circumstances are uncertain and rapidly evolving;
e) The foreseeable risk of injury to subject(s) involved and others;
f) The level of training, strength, and size of the Authorized Officer;
g) The apparent level of training, strength, size, and age of the subject(s);
h) The weapons involved and/or available;
i) The presence of other officers, subjects, or bystanders; and
j) Environmental conditions.

**UoF Policy 5.2**

Use of Force HB Ch. 1 (A)(2):
Use of force is necessary when it is reasonably required to carry out the Authorized Officer's law enforcement duties in a given situation, considering the totality of facts and circumstances of a particular situation, and there appears to be no reasonably effective, safe, and feasible alternative to the use of force in carrying out the Authorized Officer's **law enforcement duties** in a given situation

[redacted]

BE FAMILIAR WITH THE ICE USE OF FORCE POLICY AND HANDBOOK, ESPECIALLY UOF CONTINUUM!

**a) The first level (Officer Presence):**
i) Professional, courteous demeanor;
ii) Positive attitude; physical condition;
iii) Confident posture and body language; and
iv) Professional attire, or clean, neat attire appropriate to the work being performed.

**b) Second level (Verbal Commands):**
i) Professional, firm voice;

ii) Instructions that are simple, easy to understand, and repeated as necessary; and
iii) Only one officer issuing verbal commands at any given time.

**c) Third level (Soft Techniques):**
i) Empty-hand techniques with a minimal chance of injury;
ii) Escort position;
iii) "Come-along" holds, to include the use of impact weapons that involve the application of pressure to move noncompliant subjects;
iv) Use of touch pressure points; and
v) Use of chemical agents.
**UoF Policy 5.2**




Notes for Presenters: highlight examples of when intervention has been found permissible, focusing on your circuit if relevant:

When an assembly is no longer considered peaceful—i.e there is a "clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears." Cantwell v. Connecticut, 310 U.S. 296, 308 (1940);

A "clear and present danger" means more than annoyance, inviting dispute or slowing traffic. See Edwards v. South Carolina, 372 U.S. 229, 232, 237 (1963).
"Governmental authorities have the duty and responsibility to keep their streets open and available for movement. A group of demonstrators could not insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations. " Cox v. State of La., 379 U.S. 536, 554–55 (1965) (collecting cases).

Whether a particular situation presents a clear and present danger is based on an objective standard i.e. "fear of serious injury cannot alone justify suppression of free speech and assembly" . . . "there must be reasonable ground to fear that serious evil will result." Johnson v. Perry, 859 F.3d 156, 171 (2d Cir. 2017); see also, Puente v. City of Phoenix, 123 F.4th 1035, 1062 (9th Cir. 2024).

In the context of assessing whether a sufficient clear and present danger exists to justify dispersal of a large crowd it is "the tenor of the demonstration as a whole . . .whether police may intervene; and if it is substantially infected with violence or obstruction the police may act to control it as a unit." Washington Mobilization Comm. v. Cullinane, 566 F.2d 107, 120 (D.C. Cir. 1977) (citing Grayned v. City of Rockford, 408 U.S. 104, 116 (1972)).

While no one fact is dipositive, some facts that have been deemed as creating a sufficient objectively reasonable ground to establish the requisite "clear and present danger" of an "immediate threat to public safety, peace, or order" has included

- Unknown persons in a crowd throwing a canister emitting an unknown gas and a pyrotechnic device; escalating violence toward officers, an organized attempt to breach police line and exigent concern for presidential security (protest occurred outside presidential rally). Puente v. City of Phoenix, 123 F.4th 1035, 1063 (9th Cir. 2024).

**Additional notes:**
A jurisdiction may grant individuals a permit that may result in interference with traffic. Local law enforcement would enforce the violations of the traffic laws.

**First Amendment for reference:** Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.




Note for presenters: Be mindful of your circuit specific case law. This PI only applies throughout the Central District of California

Reminder of the PI issues in *Los Angeles Press Club v. Noem,* No. 25-5563 (C.D. Cal. filed June 18, 2025), restraining DHS enforcement activities relating to journalists, legal observers, and protesters. **The PI applies throughout the Central District of California and** remains in force and guidance was given in an ICE-wide notification sent on September 13, 2025. DHS is enjoined from:

- Dispersing, threatening, or assaulting a Journalist or Legal observer if they have not committed a crime unrelated to the dispersal
- Using crowd control weapons/projectiles/flash bangs/etc. against press, legal observers, and protestors not posing a threat of imminent harm
- Using crowd control weapons without giving two separate warnings
- Firing canisters or grenades to strike a person or kinetic impact projectiles (KIPs) at sensitive areas without threat of death/serious bodily injury (in line with current DHS policy)
- Incidental and not-deliberate exposure of journalists to crowd control devices due to their location is not enjoined

A similar PI was issued by the Oregon District Court in *Index Newspapers LLC v. City of Portland*, 480 F. Supp. 3d 1120 (D. Or. 2020) based on claimed violence and intimidation faced by members of the media and legal observers who are documenting law enforcement activities in Portland during the ongoing civil unrest in that city.

Slide 13

[redacted] [redacted]

[redacted]




**Arrests** are based on Probable Cause and if the basis for arrest occurred in officer's presence, then no warrant is required. Reference back to the applicable crimes:

18 U.S.C. § 111 – Forcibly assaults, resists, opposes, impedes, intimidates, or interferes with federal employees performing their duties
18 U.S.C. § 115(a)(1)(B) – threatening to assault with intent to impede
18 U.S.C. § 372 – conspiracy to impede or injure officer
18 U.S.C. § 231 – obstruction during civil disorders
18 U.S.C. §§ 1503 and 1505 – obstruction of judicial/agency proceedings
18 U.S.C. § 1501 – assault on process server
18 U.S.C. § 2 – aiding and abetting
18 U.S.C. § 2261A – stalking with interstate travel
18 U.S.C. § 1361 – damage fed property
41 C.F.R. § 102-74.390 – misconduct on federal property

A ***"Terry* stop"** is a brief investigatory detention amounting to a seizure that requires the lower standard of "reasonable

[articulable] suspicion," instead of Probable Cause (PC). With reasonable suspicion a brief detention is justified while investigating identity and immigration status. See generally, Terry v. Ohio, 392 U.S. 1 (1968); see also Hiibel v. Sixth Judicial District Court of Nevada, 542 U.S. 177, 185 (2004); INS v. Delgado, 466 U.S. 210, 216 (1984). ***Terry* stops can be used for officer safety to ensure no weapons if there is reasonable suspicion that the individual is armed and dangerous.**

**Interference with legitimate law enforcement operations** use UoF Continuum:

a) The first level (Officer Presence):
- i) Professional, courteous demeanor;
- ii) Positive attitude; physical condition;
- iii) Confident posture and body language; and
- iv) Professional attire, or clean, neat attire appropriate to the work being performed.

b) Second level (Verbal Commands):
- i) Professional, firm voice;
- ii) Instructions that are simple, easy to understand, and repeated as necessary; and
- iii) Only one officer issuing verbal commands at any given time.

c) Third level (Soft Techniques):
- i) Empty-hand techniques with a minimal chance of injury;
- ii) Escort position;
- iii) "Come-along" holds, to include the use of impact weapons that involve the application of pressure to move noncompliant subjects;
- iv) Use of touch pressure points; and
- v) Use of chemical agents.

**UoF Policy 5.2**




Use of force

- An Authorized Officer may use only that force which is necessary and objectively reasonable in light of facts and circumstances confronting the officer.
- Use of force is necessary when it is reasonably required to carry out the Authorized Officer's law enforcement duties in a given situation, considering the totality of facts and circumstances of a particular situation.
- No duty to retreat; don't have to wait for an attack before using reasonable force to stop a threat.

Review:
Federal arrest authority

- As customs officers, HSI Special Agents have the authority to carry a firearm; execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States; make an arrest without a warrant for any offense against the United States committed in the officer's presence; and perform any other law enforcement duty that the Secretary of Homeland Security may designate. 19 U.S.C. § 1589a.
- As immigration officers, HSI Special Agents and ERO officers, have authority to "make arrests for offenses against

the United States committed in the officers' presence. 8 U.S.C. § 1357(a)(5).

Is there an offense against the United States here? Yes... 18 U.S.C. § 111

- [redacted]




Using the decision tree, what is the best approach:

Can you physically move the individuals out of the way so that you can get your van through? (Yes) What might you try first? (See UOF continuum). How much force can you use?

Walk through the following additional facts. What if the protesters are shouting obscenities? (respond with verbal commands to disperse). What if the protesters pushed moveable barriers to block access to the detention facility? (there could be a stronger argument that the government could meet the definition of “forcibly . . . impedes . . . or interferes with” a federal officer in carrying out official duties). What if the crowd is starting to turn violent? (Terry stop for reasonable suspicion for crime or officer safety). What if they have laser pointers? (Terry stop for reasonable suspicion, laser pointers in eyes in assault/battery). What if they start collecting bricks or heavy objects? (PC to arrest for threatening actions under 18 USC 111, 18 USC 372).]

Notes for Presenters, discuss briefly whether there is an 18 U.S.C. 111 violation based on which circuit you are in and note that even if 18 U.S.C. 111 is not an option, consider other enforcement avenues, such as 18 U.S.C. 372 (conspiracy

to impede by force, intimidation, or threat), 18 U.S.C. 1501 (assault on process server, for example if serving an I-205 accompanied by a removal order (the writ)), 18 U.S.C. 1503/1505 (obstructing judicial or agency proceedings), or 41 C.F.R. 102-74.390 (unreasonably obstructs entrances to federal property).

[redacted]

[redacted]

Black's Law Dictionary (8th ed.) definition of "force" (vb): To compel by physical means or by legal requirement. Definition of "forcible" (adj): Effected by force or threat of force against opposition or resistance.

[redacted]

Slide 16

[redacted] [redacted]




Do you have PC for an arrest? (18 U.S.C. 111, 41 C.F.R. 102-74.390 for disorderly conduct on ICE property). If not, give verbal commands to move and follow the UoF continuum. If an individual is interfering with a law enforcement operation and refuses to comply with officer commands, and then resists soft techniques, the individual can then likely be detained or arrested.]

What if the individuals filming are crowding agent/officer personal space? (ask filmers to move back a reasonable distance so as not to interfere with legitimate law enforcement operations – but cannot create arbitrary buffer zone). What if you use verbal commands and then try to move an individual out of the way and the individual pushes back or slaps your arm out of the way? (this gives rise to probable cause for an 18 U.S.C. 111 arrest).

Examples of arrests where courts have upheld PC: *DeCastro v. Las Vegas Metropolitan Police Dep't*, 2024 WL 4189939 (D. Nev. 2024) *(*disobeying repeated orders to back up (violations of state law)), *Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022) (refusing to back up an arm's length away).

Notes for Presenters: Emphasis being mindful of your words and actions when performing your duties in public as it is

likely that bystanders are in possession of recording devices and generally have the right to record you.

Consider whether the recording individual is interfering with legitimate law enforcement operations. What might you try first? (See UOF continuum). How much force can you use to move them to continue operations? Consider whether your actions are reasonable under the circumstances.

• An individual lawfully present in any public space, has the right to photograph anything in plain view, including federal buildings and the police. (On private property, the owner may set rules about photography or video.)
•ICE may not confiscate or demand to view the individual's photographs or video without a warrant, nor may they delete data under any circumstances. However, they may order citizens to cease activities that are truly interfering with legitimate law enforcement operations.

Some ICE arrests have generated significant negative coverage in the news media and have been widely broadcast through social media.

The widespread availability of handheld devices capable of capturing audio and video as well as the ease of disseminating such recordings quickly and to a large audience has fueled citizen journalism and "copwatching." All circuits that have addressed the issue have found that filming, videotaping, and audio recording of government officials engaged in their duties in a public place is protected by the First Amendment. *See, e.g., Turner v. Lt. Driver*, 848 F.3d 678 (5th Cir. 2017); *ACLU of Ill. v. Alvarez*, 679 F.3d 583 (7th Cir. 2012); *Glik v. Cunniffee*, 655 F.3d 78 (1st Cir. 2011); *Johnson v. Hawe*, 388 F.3d 676 (9th Cir. 2004); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000). This right, however, is not an unqualified right. Reasonable restrictions on the exercise of the right to film may be imposed when the circumstances justify them. *Gericke v. Begin*, 753 F.3d 1 (1st. Cir. 2014) (recognizing that reasonable time, place, and manner restrictions may be imposed for reasons such as to maintain safety and control or if filming is interfering with an officer's duties).




In officer-interference situations, a law enforcement officer's options are going to be fact-specific. Here's a summary of how to approach situations involving uncooperative or disruptive individuals:

Are you exercising your Title 19 or Title 8 authority?
Is the individual interfering/obstructing with your ability to conduct a legitimate law enforcement activity? (Remember, individuals have a First Amendment right to protest, photograph and film police activity in public spaces, but police can impose reasonable time, place and manner restrictions on such activity to maintain safety and control.)
Both must be answered in the affirmative in order to defend against a MTD or Bivens action.

Do you have PC to effectuate an arrest?

- Refer back to the non-exhaustive list of interference-related crimes and their elements.
- Examples:
    - Punch, hit, kick, push an officer? 18 USC § 111
    - Breaks government vehicle window with object, grabs officer's work phone and slams it into the pavement, tears down ICE signage on facility? 18 U.S.C. § 1361 (damages or attempts to damage

federal property)

- Moves barriers at ICE facility to prevent entry/exit, blocks door/entryway to sallyport at ICE facility despite verbally warning the individual to move or they will be arrested? 41 C.F.R. § 102-74.390 (misconduct on federal property)

If you do not have PC, do you have RS to support a *Terry* stop and frisk?

- *Terry* stop – articulable RS that criminal activity is afoot
- *Terry* frisk – articulable RS the individual is armed and dangerous (for officer safety)

If you do not have RS, consider techniques set forth in UoF Continuum (issuing verbal commands to move or disperse, soft techniques). An individual's reaction or failure to comply may then give rise to RS or PC.

ICE

## Questions?

**For case-specific legal questions, reach out to:**
**[insert contact information]**

U.S. Immigration and Customs Enforcement

U.S. Immigration and Customs Enforcement

ICE



Confidential - Subject to Protective Order