# EXHIBIT 63

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID J. VENTURELLA,, Senior Official Performing Duties of the Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS<br><br>Defendants. | CASE NO. 2:26-CV-00092-JAW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EXPEDITED THIRD SET OF INTERROGATORIES** |

PROPOUNDING PARTY: PLAINTIFFS ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS and CARLYN WILLIAMS

RESPONDING PARTY: ALL DEFENDANTS

SET NUMBER: THREE (3)

Defendants, by and through their undersigned counsel, respond to Plaintiffs' Expedited First Set of Interrogatories, as follows:

**OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

The following statements and general objections apply to and are in addition to any specific objections made in response to any particular Interrogatory, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Interrogatory.

1. Defendants object to Plaintiffs' Interrogatories to the extent they seek documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative-process privilege, law enforcement privilege, the joint defense or common interest privilege, official information privilege or any other applicable privilege or immunity recognized under statue or applicable case law. Defendants further object to the extent Plaintiffs' Interrogatories seek information protected by the constitutional or statutory rights of privacy of Defendants, federal employees, or third parties, or any other legally cognizable or statutory privileges or immunities against disclosure. The inadvertent disclosure of any such information in response to Plaintiffs' Interrogatories is not intended to and will not constitute a waiver of any applicable privileges, rights, or statutory protections. If Defendants inadvertently disclose any information or material protected by any such privilege or protection, that disclosure shall not constitute a waiver pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b). Defendants further object to the extent the Interrogatories seek deliberations, recommendations, or communications reflecting pre-decisional or law-enforcement assessments. Such materials are protected by the deliberative-process, law-enforcement, and official-information privileges.

2. Defendants specifically decline to produce privileged information. A privilege log will be provided for materials gathered pursuant to Defendants' responses to Plaintiffs' ROGs within a reasonable time of the production from which those documents have been withheld. Defendants further

object to any requirement that they produce a privilege log for privileged material not otherwise properly within the scope of discovery and/or as to which no privilege log would be required pursuant to Federal Rule of Civil Procedure 26(b)(5).

3. Defendants object to Plaintiffs' Definitions and Instructions to the extent that they seek to impose any obligations other than those required by the Federal Rules of Civil Procedure or the Local Rules of the District of Maine. Defendants further object to Plaintiffs' Interrogatories, as interpreted by Plaintiffs' Definitions and Instructions, to the extent that they are not proportionate to either the needs of this case or the needs of expedited discovery for the narrow purposes of litigating Plaintiffs' anticipated motion for a preliminary injunction.

4. Defendants object to Plaintiffs' Interrogatories to the extent they seek information that is publicly available, or are readily accessible to plaintiffs, or otherwise would be less burdensome for plaintiffs to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C).

5. Defendants object to any Interrogatory that is vague, ambiguous, compound, duplicative, overbroad, unduly burdensome, or calls for speculation, conjecture, or a legal conclusion to which Defendants cannot reasonably respond as required by federal law.

6. Defendants object to each Interrogatory to the extent it exceeds the scope of permissible discovery as defined by Fed. R. Civ. P. 26(b)(1)—i.e., not relevant to any party's claim or defense, nor proportional to the needs of the case. Defendants also object to the extent any Interrogatory seeks facts not within Defendants' possession, custody, or control after a reasonable inquiry.

7. Nothing contained in the following responses constitutes a waiver of any applicable objection or privilege as to the requested discovery. Defendants expressly reserve the right to object to further discovery of the subject matter of any of these requests and the introduction into evidence of any documents produced in response to a request or portions thereof.

8. Each and every response below is subject to the above objections, which apply to each and every response regardless of whether a specific objection is interposed. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in that response.

9. Defendants will provide responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Defendants object and will refrain from extending or modifying any words employed in the requests to comport with vague, ambiguous, overbroad, and unduly burdensome definitions or instructions.

11. Defendants have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery, and have not yet completed preparation for trial in this case. Thus, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Defendants based upon a diligent and good faith effort in the time allotted thus far to obtain information responsive to the Interrogatories. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional information and documents and lead to additions, supplementations, changes, and corrections from the responses contained herein.

Accordingly, the following responses are given without prejudice to the right to produce evidence, information, documents, or witnesses that Defendants may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. Defendants reserve the right to supplement, clarify, revise, or correct any and all responses herein as additional facts are ascertained, additional documents are discovered, and additional witnesses are identified. Nothing in these responses shall be construed as an admission of fact, a concession of liability, or an agreement with any characterization or legal theory advanced by Plaintiffs.

12. All responses are made without waiver and with preservation of:

a. all questions or objections as to competency, relevancy, materiality, privilege and admissibility of the responses and production and the subject matter thereof as evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

b. the right to object to the use of any such responses and production or the subject matter thereof, on any ground in any further proceeding in this action (including the trial or arbitration of this action) and in any other action or matter;

c. the right to object on any ground at any time to any demand, request, or interrogatory for further responses to these or any other discovery requests or proceedings involved or related to the subject matter of the information or documents provided or the discovery to which these responses are provided; and,

d. the right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

13. Where Defendants have objected to any Interrogatory on the grounds that it is vague and ambiguous, such that Defendants are required to speculate on the scope and meaning of the Interrogatory, Defendants may have nonetheless decided to respond to the Interrogatory by giving it a reasonable interpretation. In so doing, however, Defendants will not be deemed bound by any different interpretation applied by Plaintiffs to the Interrogatory. In addition, to the extent that Defendants adopt any terms or phrases defined or used by Plaintiffs, they are adopted solely for the sake of convenience in responding to the Interrogatory, and Defendants do not accept or concede that any of the terms, phrases, or definitions are appropriate, descriptive, or accurate.

14. Each and every response contained herein is subject to and incorporates these General Objections, as applicable. To the extent that these General Objections are repeated herein in response to Plaintiffs' Interrogatories, those specific objections are provided out of an abundance of caution and because they are believed to be particularly applicable to each such Request. The making of a specific objection in response to a particular Interrogatory shall not constitute a waiver of any of the Preliminary Statement and General Objections.

## SPECIFIC OBJECTIONS TO DEFINITIONS

Defendants object to the Definitions for the Interrogatories on the grounds that they purport to require Defendants to perform tasks beyond their obligations under the Federal Rules of Civil Procedure. Defendants will respond to the Interrogatories pursuant to their obligations under the Federal Rules and applicable law.

**Definition 1: "Action" refers to Hilton v. Noem, No. 2:26-cv-00092-JAW (D. Me.), Including any consolidated, related, or companion proceedings.**

Defendants object to the definition of "action" as vague, overbroad and unduly burdensome to the extent that it purports to include "any consolidated, related or companion proceedings." The definition seeks to include matters beyond the scope of the present lawsuit including proceedings to which Defendants may not be a party, that may involve different facts, issues, or legal theories that are not relevant or are disproportional to compliance with the Court's order authorizing discovery. Defendants will interpret "action" to mean only the present lawsuit, unless otherwise expressly stated.

**Definition 2: "Communication" means the transmittal of information by any means, whether oral, written, or electronic, Including any policy statement, in-person conversation, telephone call, video call, radio transmission (Including via Zello or similar push-to-talk applications), email, text message, SMS, MMS, instant message, chat message (Including via WhatsApp, Signal, Telegram, iMessage, or any similar application), voice message, voicemail, memorandum, letter, report, briefing, slide deck, or any other method of conveying information between or among Persons.**

Defendants object to Plaintiffs definition of "Communication" as overbroad, unduly burdensome, vague and ambiguous with respect to the inclusion of "the transmittal of information by any means whether oral, written or electronic" and including "in-person conversation, telephone call, video call, radio transmission (Including via Zello or similar push-to-talk applications), email, text message, SMS, MMS, instant message, chat message (Including via WhatsApp, Signal, Telegram, iMessage, or any similar application), voice message, voicemail, memorandum, letter, report, briefing, slide deck, or any other method of conveying information." Defendants further object to the extent that it requests "oral" information transmissions and "in-person conversation", because oral information is not memorialized in writing and therefore is not properly requested pursuant to Federal Rules of Civil Procedure. Defendants also object to Plaintiffs' definition to the extent that it includes "any policy statement" as that requirement is vague and ambiguous and unduly burdensome and disproportionate to the needs of the case as the policy documents speak for themselves. Defendants also object to the definition as it is overbroad and unduly burdensome in that it fails to limit scope to Plaintiffs' claims or Defendants' defenses or the time periods relevant to this lawsuit and could encompass government, business or personal communications unrelated to the lawsuit. Defendants will interpret the term

"Communication" in accordance with its common and ordinary meaning as relevant to the specific facts and allegations at issue in the lawsuit and reserves the right to object to the use of this definition in any specific discovery request.

**Definition 3: "Concerning," "Relating to," or "Regarding" means referring to, describing, evidencing, constituting, mentioning, reflecting, generated by, generated in connection with, arising out of, responsive to, or pertaining in any way to the subject of the Interrogatory. These terms shall be construed broadly.**

Defendants object to the definition of "Concerning," "Relating to," or "Regarding" as vague, ambiguous and overbroad. Defendants further object to Plaintiffs' definition as calling for speculation and seeking discovery of information and documents not relevant to any party's claims or defenses and as outside the scope of these proceedings to the extent that this definition refers to "relating to," "referring to," "describing," or "constituting." Defendants additionally object to Plaintiffs' definition as improperly seeking a legal opinion to the extent that it seeks information or documents "evidencing" some matter.

**Definition 4: "Defendants" means all named Defendants in this Action and, for the purpose of these Interrogatories, includes their respective agencies, sub-agencies, offices, components, field offices, regional offices, task forces, and joint operations centers, and all current and former officers, employees, agents, detailees, contractors, task force officers, and any other Persons acting on their behalf or under their direction. "Defendants" Includes Markwayne Mullin, in his official capacity as Secretary of Homeland Security, and any acting or confirmed successors; Todd Lyons, in his official capacity as the senior official performing the duties of the Director of ICE; John A. Condon, in his official capacity as Acting Executive Associate Director for HSI; Rodney Scott, in his official capacity as Commissioner of CBP; Michael Banks, in his official capacity as Chief of the U.S. Border Patrol; the U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; Homeland Security Investigations; U.S. Customs and Border Protection; U.S. Border Patrol; Unidentified Federal Agencies; and Unidentified Federal Agents (as those Defendants are described in Paragraphs 12–23 of the First Amended Complaint).**

Defendants object to the Plaintiffs' definition of "Defendants" as vague and ambiguous, overbroad and overinclusive to the extent that it seeks information about persons or entities not a party to this litigation or currently identified. Defendants also object to the definition as overbroad, unduly burdensome and disproportional to Defendants' compliance with the Courts's order authorizing discovery insofar as the definition includes "respective agencies, sub-agencies, offices, components, field offices, regional offices, task forces, and joint operations centers, and all current and former officers, employees, agents, detailees, contractors, task force officers, and any other Persons acting on their behalf or under their direction." Defendants do not interpret the definition to include all components and subcomponents of the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE") or U.S. Customs and Border Protection ("CBP") or the inclusion of persons not within the employment of DHS, ICE or CBP such as "contractors" or "any other Persons." Plaintiffs' definition is also overly broad in that it includes agency components and subcomponents, including personnel, who are not reasonably identifiable based on available records or have no involvement in matters within the scope of limited discovery authorized by the Court. Plaintiffs' definition includes individuals who, are not reasonably identifiable based on available records. Defendants further object as this definition is burdensome where it forces Defendants to gather and provide information on behalf of all of their agents and attorneys which can be significant and unreasonable. To the extent the definition includes "attorneys," it seeks to attempt to discover information that is privileged and protected by legal privilege, including attorney-client, work product, and deliberative process privileges. Finally, Defendants object to the extent the definition calls for the production of information in the possession of any presently unidentified non-party contractors that is not also in the possession of or subject to the control of Defendants, or subject to trade secret privilege.

**<u>Definition 5</u>: "Document" has the broadest meaning permitted under Fed. R. Civ. P. 34(a) and shall be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in Rule 34(a)(1)(A). The term includes all writings, recordings, images, and electronically stored information of any kind, whether in paper, electronic, photographic, or any other form. Without limiting the generality of the foregoing, the term includes: correspondence, memoranda, emails, text messages, SMS/MMS messages, instant**

**messages, chat messages (Including via WhatsApp, Signal, Telegram, iMessage, Zello, or any similar application), social media messages or posts, radio transmissions (to the extent recorded or logged), voice messages, voicemail, notes, reports, forms, applications, logs, photographs, images, video recordings, audio recordings, files, database entries, database query results and outputs, spreadsheets, presentations, slide decks, calendars, task lists, metadata, audit trails, system-generated alerts, automated notifications, and any drafts, non-identical copies, attachments, or enclosures of or to the foregoing. A draft or non-identical copy is a separate document within the meaning of this term.**

Defendants object to Plaintiffs' definition of "Document" as overbroad and unduly burdensome, not proportional to the scope of Plaintiffs' lawsuit or the scope of the Court's order granting limited discovery and seeking documents not relevant to Plaintiffs' claims or Defendants' defenses. Defendants shall interpret "Document" within the scope of Fed. R. Civ. P. 34 and Federal Rule of Evidence 1001 as relevant and proportional to the needs of this case and the discreet issues in Plaintiffs' Requests for Admissions, Interrogatories and Request for Production. In addition, Defendants object to this definition to the extent that it seeks Documents protected by legal privilege, including the attorney-client privilege, the attorney work product doctrine, the deliberative process or official information privilege, or any other statutory or judicially-recognized privilege.

**<u>Definition 6</u>: "Encounter" means the specific interactions and encounters with federal agents described in the First Amended Complaint (see ¶¶ 33-52 (Plaintiff Fagan), ¶¶ 53-72 (Plaintiff Hilton), ¶¶ 73-93 (Plaintiffs Pantos and Williams)) and Plaintiffs' sworn declarations, as well as any other interaction or encounter with federal agents, officers, or officials described or disclosed in Plaintiffs' responses to discovery requests in this Action.**

Defendants object to the definition of "Encounter" to the extent that it purports to include "any other interaction or encounter with federal agents, officers, or officials described or disclosed in Plaintiffs' responses to discovery requests in this Action." That portion of the definition is vague, overbroad, and impermissibly open-ended because it expands the defined term beyond the allegations in the First Amended Complaint and Plaintiffs' sworn declarations

to encompass unidentified interactions that may be disclosed during discovery. Defendants further object because the definition attempts to enlarge the scope of discovery by incorporating future discovery responses by reference, rendering the definition indeterminate and subject to unilateral expansion by Plaintiffs. Defendants will construe the term "Encounter" to refer only to the specific interactions alleged in the First Amended Complaint, Plaintiffs' sworn declarations, and Plaintiffs' Second Supplemental Responses and Objections to Defendants' Expedited First Set of Interrogatories to Elinor Hilton and Colleen Fagan.

**Definition 7: "First Amended Complaint" means the First Amended Complaint filed on April 27, 2026 (ECF No. 29) in this Action.**

Defendants object to the definition of "First Amended Complaint" to the extent that it refers to the First Amended Complaint filed on April 27, 2026 (ECF No. 29) as vague and ambiguous regarding its intended scope. While the document is identifiable the definition does not clarify whether the term is limited to the specific allegations, claims or factual assertions in the First Amended Complaint, or whether it is intended to include all exhibits, attachments or subsequent amendments. Defendants further object to the extent the definition calls for a legal conclusion or characterization of the contents of the First Amended Complaint. Defendants will respond to discovery requests using this term by referring to the actual pleading filed on April 27, 2026 (ECF No. 29) as necessary and appropriate, without adopting any expansive or ambiguous interpretation of the definition.

**Definition 8: "Government Official" means any current or former officer, employee, appointee, contractor, or agent of any Defendant or Defendant agency during the relevant period.**

Defendants object to Plaintiffs' definition of "Government Official" as vague, overbroad and unduly burdensome to the extent it purports to include "any current or former officer, employee, appointee, contractor, or agent of any Defendant or Defendant agency during the relevant period." The definition improperly includes individuals with no factual nexus or connection to the lawsuit without regard to their relevance to Plaintiffs' claims or Defendants' defenses and to the extent that "relevant period" is undefined and excessively overbroad. Defendants will interpret "Government Official" narrowly to include only those individuals whose conduct is actually implicated by the allegations in this case.

**<u>Definition 9</u>: "Including" means including but not limited to.**

Defendants object to Plaintiff's definition of "including" as vague, ambiguous, overbroad and calling for speculation.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

Defendants object to the Instructions for the Interrogatories on the grounds that they purport to require Defendants to perform tasks beyond their obligations under the Federal Rules of Civil Procedure. Defendants will respond to the Interrogatories pursuant to their obligations under the Federal Rules and applicable law.

**<u>Instruction 2</u>: Scope. These Interrogatories are directed to all Defendants and call for the disclosure of all responsive information within the knowledge, possession, custody, or control of Defendants, Including information known to or held by any current or former officer, employee, agent, detailee, contractor, task force officer, or other person directly or indirectly employed or retained by, or acting on behalf of, the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), Homeland Security Investigations ("HSI"), the Office of the Secretary of Homeland Security, the Office of Intelligence and Analysis ("I&A"), or any component, sub-agency, field office, regional office, task force, or joint operations center thereof.**

Defendants object to Instruction 2 to the extent it purports to expand Defendants' obligations beyond the limits imposed by Federal Rule of Civil Procedure 33 and governing law regarding possession, custody, and control. As drafted, Instruction 2 improperly seeks to require Defendants to provide information not only within their possession, custody, and control, but also information "known to or held by" any current or former individual "directly or indirectly employed or retained by, or acting on behalf of" Defendants, across multiple agencies and components. This formulation appears to impose an obligation to canvass an indeterminate universe of individuals and entities, including persons and information not within Defendants' control as that term is defined under applicable law. Defendants further object to Instruction 2 to the extent it seeks to require Defendants to obtain or provide information from individuals or entities outside their control, including former personnel, contractors, or

personnel of other agencies or components not reasonably subject to Defendants' direction or control for purposes of responding to Interrogatories.

Defendants also object that Instruction 2 is unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1), insofar as it would require expansive, agency-wide inquiries untethered to the specific custodians, events, and subject matter at issue in this litigation.

Defendants will respond to the Interrogatories based on information reasonably available to them after a reasonable and proportionate inquiry, consistent with Rule 33 and applicable law, and will not adopt Plaintiffs' expanded definition of scope.

**Instruction 5: Full and Complete Responses. Each Interrogatory shall be answered separately, and as fully and completely as information known or available to Defendants permits. If an Interrogatory cannot be answered fully, it shall be answered to the extent possible, with an explanation of why a full answer cannot be provided, a statement of the information currently available, and a description of what efforts Defendants have undertaken and will undertake to obtain any missing and/or remaining information.**

Defendants object to Instruction 5 to the extent it seeks to impose obligations beyond those required by Federal Rule of Civil Procedure 33, including any requirement to provide narrative explanations regarding the completeness of responses, to detail all efforts undertaken or to be undertaken to obtain information, or to commit to future investigative steps.

Defendants further object to this Instruction as vague and overbroad to the extent it requires responses "as fully and completely as information known or available to Defendants permits," insofar as it could be construed to exceed the requirement of a reasonable inquiry under Rule 33.

Defendants will respond to the Interrogatories based on information reasonably available to them after a reasonable and proportionate inquiry, consistent with Rule 33 and applicable law.

**Instruction 6: Lack of Information. If Defendants lack information to answer any Interrogatory completely, so state in writing, Including specifying (a) the responsive information currently available; (b) the responsive information currently unavailable and the reasons for its unavailability; (c) the efforts Defendants have undertaken to obtain the unavailable information; and (d) when Defendants anticipate the unavailable information will become available.**

Defendants object to Instruction 6 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, including requirements to specify all unavailable information, provide detailed explanations of the reasons for unavailability, describe all efforts undertaken to obtain such information, or predict when such information may become available.

Defendants further object that this Instruction is unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1), particularly in the context of this limited expedited discovery, and to the extent it seeks to require ongoing investigative reporting rather than responses based on information reasonably available after a reasonable inquiry.

Defendants will respond to the Interrogatories based on information reasonably available to them after a reasonable and proportionate inquiry, and will supplement their responses as required by the Federal Rules of Civil Procedure.

**Instruction 12: Agency Coordination. To the extent responsive information is held by multiple Defendant agencies or components, Defendants shall coordinate their efforts to ensure completeness and shall not rely on inter-agency or inter-component referral processes that would delay responses beyond the deadline specified herein.**

Defendants object to Instruction 12 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, including any requirement that Defendants "coordinate" across multiple agencies or components in a manner that overrides ordinary processes or expands the scope of discovery. Defendants further object to the Instruction to the extent it purports to prohibit reliance on "inter-agency or inter-component referral processes," as such processes are a standard and appropriate means of identifying, collecting, and reviewing responsive information within large federal agencies, and may be necessary to ensure accuracy, completeness, and compliance with applicable legal, privilege, and security obligations.

Defendants also object to the extent the Instruction seeks to require Defendants to obtain or produce information from other agencies or components not within their possession, custody, or control as defined by applicable law.

Defendants will conduct a reasonable and proportionate search for responsive information within their possession, custody, and control, using appropriate and customary processes, and consistent with the Federal Rules of Civil Procedure.

**<u>Instruction 13</u>: Proportionality. These Interrogatories have been drafted consistent with the proportionality principles of Federal Rule of Civil Procedure 26(b)(1). Plaintiffs have intentionally limited the number of their Second Set of Interrogatories to only seven, expressly in the interest of proportionality and expedition. Plaintiffs reserve all rights to modify, supplement, or otherwise augment these Interrogatories as the Action proceeds.**

Defendants object to Instruction 13 to the extent it purports to define or characterize the Interrogatories as consistent with the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). Whether discovery is proportional is a legal determination governed by the Federal Rules and, if necessary, the Court, not by Plaintiffs' unilateral statements in their Instructions. Defendants further object to the Instruction to the extent it suggests that limiting the number of interrogatories renders them proportionate, as proportionality depends on the scope, burden, and relevance of the information sought, not merely the number of requests.

Defendants do not adopt Plaintiffs' characterization of proportionality and will respond to the Interrogatories subject to their objections and consistent with the limitations imposed by Rule 26(b)(1) and applicable law.

## <u>OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

**<u>Interrogatory No. 13</u>: Do You contend that any of the Plaintiffs impeded or interfered with law enforcement, threatened Officer Safety, or otherwise engaged in any criminal conduct in connection with any Encounter or immigration enforcement operation? (For purposes of this interrogatory, criminal conduct shall include but is not limited to conduct that violates 18 U.S.C. 111 or 18 U.S.C. 372.)**

<u>OBJECTIONS AND RESPONSE</u>:

Defendants incorporate by reference the general objections asserted above, including Defendants' objections to defined terms. Subject to and without waiving the foregoing objections, Defendants respond that this interrogatory is premature because fact discovery remains ongoing,

including Plaintiffs' outstanding document production and the deposition of Plaintiffs and other witnesses. Defendants have not yet completed their investigation into "any Encounter or immigration enforcement operation" that any Plaintiff may have engaged in, or reached final factual contentions regarding the matters referenced in this interrogatory. Accordingly, Defendants are not in a position at this time to state whether they contend that Plaintiffs impeded or interfered with law enforcement, threatened officer safety, or otherwise engaged in criminal conduct in connection with any Encounter or immigration enforcement operation. Defendants will supplement this response as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

**Interrogatory No. 14: If Your response to Interrogatory No. 13 is anything other than an unqualified "No," state all facts supporting your response, including all facts supporting any contention that any Plaintiff impeded or interfered with law enforcement, threatened Officer Safety, or otherwise engaged in any criminal conduct in connection with any Encounter or immigration enforcement operation. (For purposes of this interrogatory, criminal conduct shall include but is not limited to conduct that violates 18 U.S.C. 111 or 18 U.S.C. 372.)**

OBJECTIONS AND RESPONSE:

Defendants incorporate by reference the general objections asserted above, including Defendants' objections to defined terms. Subject to and without waiving the foregoing objections, Defendants respond that this interrogatory is premature for the reasons stated in response to Interrogatory No. 13. Because Defendants have not yet determined whether they will advance any contention encompassed by that interrogatory, Defendants are not presently in a position to identify all facts supporting any such contention. Defendants will supplement this response as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

As to the responses and objections:

DATED: July 20, 2026

By: <u>*/s/ Natalie M. Villalon*</u>

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

<u>*/s/ Natalie M. Villalon*</u>
NATALIE M. VILLALON
J. STEPHEN TAGERT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov
Stephen.Tagert@usdoj.gov

ANDREW B. BENSON
United States Attorney

JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
John.Osborn2@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2026, I caused a copy of the foregoing to be served via e-mail on counsel of record for Plaintiffs.

*/s/ Natalie M. Villalon*
NATALIE M. VILLALON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch