**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

ELINOR HILTON, COLLEEN FAGAN, POLYXENIA PANTOS, and CARLYN WILLIAMS,
on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JOHN A. CONDON, Acting Executive Director, Homeland Security Investigations; RODNEY SCOTT, Commissioner, U.S. Customs and Border Protection; MICHAEL BANKS, Chief, U.S. Border Patrol; THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; HOMELAND SECURITY INVESTIGATIONS; U.S. CUSTOMS AND BORDER PROTECTION; U.S. BORDER PATROL; UNIDENTIFIED FEDERAL AGENCIES; and UNIDENTIFIED FEDERAL AGENTS,

*Defendants*.

Case No. 2:26-cv-00092-JAW

**PROPOSED INTERVENOR MAINE TRUST FOR LOCAL NEWS L3C'S MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS**

Non-party the Maine Trust for Local News L3C, which publishes and is referred to herein as the Portland Press Herald ("the Press Herald"), hereby moves pursuant to Federal Rule of Civil Procedure 24(b) to intervene in the above-captioned case for the limited purpose of obtaining public access to certain judicial records filed in the case in connection with the motion for

preliminary injunction, ECF No 101-1, and motion to dismiss, ECF No. 117 (collectively, the "Records").[1]

This motion is made on the grounds that (1) the Press Herald is entitled to intervene in this case for the limited purpose of asserting its common law and First Amendment rights to access the Records; (2) the common law and First Amendment rights of access attach to the Records; and (3) these strong presumptions have not been, and cannot be, overcome. In support of its motion, the Press Herald relies upon and incorporates its concurrently filed Memorandum of Law.

Plaintiffs do not oppose the Press Herald's intervention for this limited purpose, nor relief to unseal the Records, other than as to the limited sealing Plaintiffs have asked for relating to third-party names, third-party personal information (e.g., employment affiliation), and personally identifiable information. Defendants oppose the Press Herald's Motion.

WHEREFORE, the Press Herald respectfully requests that the Court enter an order granting the motion to intervene and directing that the Records be unsealed and/or that Defendants must file versions of the Records without redactions for which they have not met their burden.

Dated: October 23, 2026

Respectfully submitted,

/s/ Sigmund D. Schutz
Sigmund D. Schutz, Esq.
Alexandra A. Harriman, Esq.
Preti Flaherty, LLP
One City Center
Portland, ME 04101
(207) 791-3000
sschutz@preti.com
aharriman@preti.com

[1] *See* App'x A (fully sealed docket entries); *see, e.g.,* ECF Nos. 117-2, 117-10, 132-22, 134-5 (examples of records with significant redactions).

Renee M. Griffin*
Samantha Drake*
Reporters Committee
For Freedom of the Press
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 800-3247
rgriffin@rcfp.org
sdrake@rcfp.org

* *pro hac vice* appl. forthcoming

*Counsel for Proposed Intervenor*
*Maine Trust for Local News L3C*