**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ELINOR HILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al,<br><br>Defendants. | Case No. 2:26-cv-00092-JAW |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING

Defendants respectfully oppose Plaintiffs' motion for an evidentiary hearing. *See* ECF No. 151. Defendants defer to the Court's discretion regarding whether to hold oral argument on the pending motions and, if so, the appropriate scheduling and duration of that argument. *See* D. Me. Local Rule 7(e). But a separate evidentiary hearing is neither necessary nor warranted. Plaintiffs have had ample opportunity to develop the relevant facts, test Defendants' witnesses' accounts, and present the evidence they contend supports their claims. Although they attempt to challenge witness credibility, *see* ECF No. 148 at 4-7, they have not established that live testimony is necessary to adjudicate Defendants' motion to dismiss or Plaintiffs' motion for a preliminary injunction. The pending motions raise threshold jurisdictional and other legal issues that can be resolved on the existing record, and the resolution of any factual disputes claimed by Plaintiffs will not remedy the independent deficiencies in their standing or claims for prospective relief.

The First Circuit has expressly recognized that "an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction."

*Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995) (quoting *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988)). Rather, the decision rests within the district court's discretion, informed by the need to balance accuracy and fairness against speed and practicality. *Id.* The First Circuit has instructed, "The test should be substantive: given the nature and circumstances of the case, did the parties have a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions?" *Aoude*, 862 F.2d at 894. Under the circumstances here, that is not a close question.

This case has "been pending for some months," the parties have "enjoyed the benefits of extensive discovery," and the Court is both familiar with this case and has before it a record that is "equally as informative"—if not more—"as that produced at most Rule 65 evidentiary hearings[.]" *Id.* On the pending motions, Plaintiffs have submitted more than "an abundance of materials," *Campbell Soup*, 47 F.3d at 470: three legal memoranda, for which Plaintiffs received all requested extensions of the applicable page limits, excerpts from ten depositions (including 30(b)(6) depositions of two agency representatives), eleven witness affidavits (including four reply affidavits), and 85 exhibits (including 16 reply exhibits). *See* ECF Nos. 97, 101, 132, 139, 142, 143, 148, 150; *cf. Aoude*, 862 F.2d at 894 (deeming sufficient a record with detailed briefs, excerpts from two depositions, six witness affidavits, and over two dozen exhibits). Consistent with First Circuit guidance, the Court may comfortably resolve the parties' motions on the existing record here.

Moreover, Plaintiffs have not demonstrated that the pending motions require resolution of the factual disputes they generally allege. *See Aoude*, 862 F.2d at 891 ("[F]actual disputes began popping up in various places. Most are beside the point."). Live testimony may be appropriate "when the parties' competing versions of the pertinent

factual events are in sharp dispute, such that the propriety of injunctive relief hinges on determinations of credibility." *Campbell Soup*, 47 F.3d at 471. That is not the case here.

For example, Plaintiffs challenge the credibility of Agent J.C. and contend that his conduct was motivated by retaliation for protected First Amendment activity. But even assuming, for purposes of the pending motions, that the Court finds J.C.'s explanations are not credible and that he acted with retaliatory intent, those findings would not themselves establish that Defendants adopted, authorized, or ratified a policy or practice of First Amendment retaliation. Plaintiffs cannot establish a policy of retaliation merely by discrediting an individual officer's account and attributing his purported motives to agency leadership; a subsequent determination that an account was inaccurate does not itself establish that the government acted unreasonably or with a retaliatory motive when it credited that account. *See, e.g.*, *Scahill v. District of Columbia*, 909 F.3d 1177, 1185-86 (D.C. Cir. 2018) (holding that the plaintiffs did not establish the requisite but-for causation for their First Amendment retaliation claim by disputing the truth of an investigator's sworn testimony on which the government relied). Nor would such testimony establish the other *Winter* factors required for preliminary injunctive relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 22 (2008). Whatever conclusions the Court might reach concerning the legality of past conduct, Plaintiffs must still demonstrate that they are at risk of irreparable harm absent preliminary relief. No resolution of the credibility disputes Plaintiffs generally allege will supply that missing showing.

The same is true of the pending motion to dismiss and its threshold jurisdictional questions. Plaintiffs themselves urge the Court to apply a summary judgment standard to Defendants' jurisdictional arguments. *See* ECF No. 142 at 13-14; ECF No. 149 at 1-3. But

that position underscores the significance of the extensive evidentiary record already before the Court. Having submitted the evidence they contend establishes Article III standing, Plaintiffs have not shown why additional live testimony is necessary to resolve those threshold questions. Testimony concerning J.C.'s credibility or his motivations during Operation Catch of the Day, for example, would not eliminate each Plaintiff's independent burden to establish a nonspeculative threat of future harm. And key facts bearing on that inquiry—including the conclusion of the Operation, the departure of personnel temporarily deployed to Maine, the substantial reduction in the rate of arrests following the Operation, and the absence of recurring encounters resembling those alleged and experienced by the four Plaintiffs in the operative complaint—are not genuinely in dispute.

Ultimately, Plaintiffs have failed to explain how the characteristics they claim exist—a voluminous and complex record, and a need for prompt preliminary relief—would be alleviated by a day-long (at minimum) mini trial, bringing over a dozen attorneys and witnesses to Maine to either duplicate what the parties already submitted or create a more voluminous record. *See* ECF No. 151. Nor have they offered any indication that the facts material to the Court's rulings cannot be found on the extensive record already submitted. Under these circumstances, an evidentiary hearing is neither necessary nor helpful. To the extent the Court concludes that oral argument would assist its consideration of the parties' legal positions, Defendants have no objection to a hearing for that purpose and respectfully submit that no more than 60 minutes per side should be necessary.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for an evidentiary hearing. Alternatively, Defendants request that the Court defer resolution of this motion until it has ruled upon Defendants' motion to dismiss.

Dated: November 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER HAAS
Branch Director

/s/ *Natalie M. Villalon*
NATALIE M. VILLALON
J. STEPHEN TAGERT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov
Stephen.Tagert@usdoj.gov

ANDREW B. BENSON
United States Attorney

JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
John.Osborn2@usdoj.gov

*Counsel for Defendants*