**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ELINOR HILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al,<br><br>Defendants. | Case No. 2:26-cv-00092-JAW |

**DEFENDANTS' OPPOSITION TO MAINE TRUST FOR LOCAL NEWS L3C'S MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS**

## INTRODUCTION

The Maine Trust for Local News L3C ("the Press Herald") seeks to permissively intervene in this action to challenge Defendants' proposed redactions to records submitted in connection with Plaintiffs' pending motion for a preliminary injunction and Defendants' pending motion to dismiss. But the Court is already considering those very issues in the context of Defendants' pending motions to seal. Plaintiffs have vigorously opposed Defendants' proposed redactions, the parties have extensively briefed their competing positions, and the Court can determine which materials should remain under seal based on these existing briefs. The Press Herald identifies no argument that is not already before the Court and no reason why its participation would assist the Court in resolving the pending motions. Under these circumstances, permissive intervention would serve little purpose beyond duplicating briefing and potentially delaying the adjudication of motions that call for an expedited resolution.

Defendants do not dispute the public's interest in access to judicial records, nor do they seek to prevent meaningful judicial review of their proposed redactions. That is why Defendants filed targeted motions to seal certain limited records—motions currently before the Court. Nor do Defendants object to filing public versions of the records with their proposed redactions while the motions to seal remain pending, thereby providing public access to all uncontested portions of the records without awaiting the Court's final rulings.

But the Court need not add another participant to an already fully briefed dispute, particularly under the circumstances presented here. The Press Herald seeks to challenge the same categories of redactions that Plaintiffs have repeatedly challenged—principally the names of federal law enforcement officers and law-enforcement sensitive information—for the objective of public access. Plaintiffs, in turn, have not merely expressed general support for public access; they have opposed Defendants' proposed redactions in detailed filings addressing the very grounds the Press Herald now raises. Plaintiffs share the Press Herald's objectives and adequately represent its interests in public disclosure of the material at issue. The Court therefore has the benefit of adversarial briefing on the disputed sealing issues without the need for additional proceedings or parties, and should exercise its discretion to deny intervention.

## BACKGROUND

Plaintiffs filed this action on February 23, 2026, and moved for a temporary restraining order the same day. ECF Nos. 1, 3. After denying that motion, the Court authorized expedited discovery in anticipation of Plaintiffs' motion for a preliminary injunction. *See* ECF Nos. 24–26. The parties thereafter conducted five months of expedited discovery pursuant to a schedule approved by the Court. ECF Nos. 40–41, 46–48, 66–67. At the outset of discovery, the Court entered a Heightened Confidentiality Order governing

the parties' treatment of confidential materials. ECF No. 28. The parties produced substantial volumes of discovery under that Order. Although the Order established a procedure for challenging confidentiality designations, Plaintiffs did not invoke that procedure to challenge Defendants' designations during discovery.

After the close of expedited discovery, the parties briefed Plaintiffs' motion for a preliminary injunction ("PI") and Defendants' motion to dismiss ("MTD"). Each round of briefing generated numerous exhibits and attachments, including materials produced pursuant to the Heightened Confidentiality Order. The parties have filed thirteen briefs in support of or opposition to motions to seal concerning the appropriate treatment of those materials on the public docket. *See* ECF Nos. 101, 118, 119, 135, 140, 141, 143, 150, 153, 156, 160, 163, 164. In them, Plaintiffs have consistently opposed Defendants' requests to redact federal officers' names and law-enforcement-sensitive information. *See* ECF Nos. 101, 140, 141, 143, 150, 153. Rulings on the substantive motions and their numerous associated motions to seal are currently pending.

## LEGAL STANDARD

In the First Circuit, "permissive intervention is the procedurally correct vehicle" for nonparties to challenge exclusion from access to judicial records. *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). Courts have discretion to allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) upon a timely showing that the "putative intervenor 'has a claim or defense that shares with the main action a common question of law or fact.'" *Ne. Patients Grp. v. Me. Dep't of Admin. & Fin. Servs.*, No. 1:20-cv-00468, 2021 WL 1135019, at *2 (D. Me. Mar. 23, 2021) (quoting Fed. R. Civ. P. 24(b)(1)(B)). But "if a party seeks 'to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that there is no

reason to require such a strong nexus of fact or law.'" *Does v. Mills*, No. 1:21-cv-002420JDL, 2021 WL 6197377 at *2 (D. Me. Dec. 30, 2021) (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)).

When determining whether to grant permissive intervention, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(3)). "Among other factors, the Court should also consider whether the putative intervenor's interest is adequately represented by an existing party." *KG Urb. Enters., LLC v. Patrick*, 293 F.R.D. 42, 49 (D. Mass. 2013); *see Does v. Mills*, 2021 WL 6197377 at *2. The district court "can consider almost any factor rationally relevant" to permissive intervention and enjoys "very broad discretion in granting or denying the motion." *Daggett v. Comm'n on Governmental Ethics & Election Practices,* 172 F.3d 104, 113 (1st Cir. 1999). "Reversal of a district court's denial of permissive intervention on grounds of abuse of discretion 'is so unusual as to be almost unique.'" *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 641 (1st Cir. 1989) (quoting *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 471 (5th Cir.) (en banc)).

## ARGUMENT

### I. The Court Should Deny Permissive Intervention Because Plaintiffs Adequately Represent the Press Herald's Interests and Intervention Would Risk Unduly Delaying the Proceedings.

The Press Herald has a recognized interest in access to judicial records. But that interest is adequately represented by Plaintiffs in this case, among other factors that weigh against intervention here. Considering the Press Herald's arguments in its motion and the record on the pending motions to seal, there is nothing to suggest that the Press Herald's participation in this case would add any novel or unique argument for the Court to consider

in resolving the pending sealing disputes. Rather, its participation would unnecessarily complicate this case by piling onto the list of pending docket entries—only to duplicate arguments already made—and delay ultimate resolution of matters that should be expeditiously decided. *See T-Mobile*, 969 F.3d at 40-41; *Daggett*, 172 F.3d at 113.

**A. Plaintiffs Adequately Represent the Press Herald's Interests.**

The Press Herald's interests in obtaining public access to the records at issue are adequately represented by Plaintiffs. In considering permissive intervention, courts should ordinarily give weight to whether the existing parties adequately represent the proposed intervenor's interests. *T-Mobile*, 969 F.3d at 40. Where the proposed intervenor's ultimate objective matches that of an existing party, a rebuttable presumption of adequate representation applies. *B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006). And "a court ordinarily may deem an existing party's representation adequate if that party is likely to raise the putative intervenor's preferred arguments and it seems improbable that the putative intervenor will add any missing element." *T-Mobile*, 969 F.3d at 40 (citing *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 144 (1st Cir. 1982)).

With respect to Defendants' motions to seal, Plaintiffs and the Press Herald share the same ultimate objective of obtaining public disclosure of the information that Defendants seek to redact from the records at issue. The Press Herald acknowledges that Plaintiffs do not oppose its requested relief, except insofar as Plaintiffs have sought limited redactions of certain third-party identifying information. ECF No. 154 at 2. But nothing in the Press Herald's motion suggests that it seeks to challenge Plaintiffs' limited redactions or otherwise pursue relief that Plaintiffs have declined to seek. Thus, the Press Herald's interests in opposing Defendants' proposed redactions are aligned with Plaintiffs' interests, and the presumption of adequate representation applies.

The record confirms that Plaintiffs adequately represent the Press Herald's interests. Throughout the briefing period, Plaintiffs have vigorously opposed Defendants' requests to redact federal officers' names and law-enforcement-sensitive information. *See* ECF Nos. 101, 140, 141, 143, 150, 153. Indeed, Plaintiffs have agreed to only the limited redactions they themselves proposed, and have refused to agree to *any* of Defendants' proposed redactions, including redactions to confidential material unrelated to the merits of their claims, such as technical data strings in chat logs and portions of voluminous exhibits not cited in the parties' briefs or pertaining to any matters in dispute. *See, e.g.*, ECF No. 156 at 2-7. Plaintiffs have filed detailed oppositions to Defendants' motions to seal, challenging Defendants' reasons offered for the proposed redactions. *See* ECF Nos. 140, 141, 153. Their sustained advocacy reflects both their willingness and their ability to represent the Press Herald's interests in the same objective of public disclosure of the records at issue.

Although the Press Herald's institutional interest in public access may differ from Plaintiffs' interests in pursuing this litigation, that distinction does not establish inadequate representation where, as here, Plaintiffs have vigorously pursued the same objective of public disclosure. The Press Herald argues that federal officers accused of misconduct should not remain anonymous and that the public identification of certain deponents undermines Defendants' requests to redact officers' names. ECF No. 154-2 at 8-9. Plaintiffs have already advanced those same arguments, and Defendants have already responded. *See, e.g.*, ECF Nos. 140 & 156. Similarly, the Press Herald challenges Defendants' proposed redactions of law-enforcement-sensitive information as insufficiently supported by particularized justifications. ECF No. 154-2 at 9-10. Plaintiffs

have likewise challenged the adequacy of Defendants' sealing justifications in their oppositions, and Defendants have likewise responded. *See, e.g.*, ECF Nos. 140 & 156. Neither the Press Herald's motion nor the record of the parties' sealing dispute offers any reason to believe that Plaintiffs' representation of their shared interest in public disclosure is inadequate.

The circumstances here therefore weigh against permissive intervention. This is not a case in which both parties have agreed to keep judicial records out of public view; rather, Plaintiffs have consistently and vigorously advocated for the very public disclosure that the Press Herald seeks. *See T-Mobile*, 969 F.3d at 40-41; *see also Tutein v. Daley*, 43 F.Supp.2d 113, 131 (D. Mass. 1999) ("[W]here, as here, intervention as of right is decided based on the government's adequate representation, the case for permissive intervention diminishes ....") (internal citations omitted); *cf. Does*, 2021 WL 6197377 at *2 ("Because the Media Intervenors seek to vindicate their and the public's common law and First Amendment rights of access to judicial proceedings, and that interest is not currently represented by any of the parties, this consideration weighs in favor of granting, not denying, intervention.").

### B. Additional Participation Would Risk Delaying the Resolution of the Pending Motions.

The risk of unnecessary delay independently weighs against intervention. Rule 24(b)(3) expressly directs courts to consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. That consideration carries particular weight here, where the parties have conducted expedited discovery, completed briefing on dispositive and preliminary-injunction motions, and engaged in extensive adversarial briefing concerning the sealing of the accompanying records.

The Court has already undertaken efforts to facilitate public access while preserving its ability to assess Defendants' proposed redactions. Following consultation with the parties, the Court authorized public filing of materials containing no disputed redactions and permitted Defendants to submit revised proposals. *See* ECF Nos. 124, 127, 128, 132, 137. The parties have since completed further briefing concerning the remaining disputes regarding the sealing of materials attached to Plaintiffs' PI motion, Defendants' PI opposition, Plaintiffs' PI reply, Defendants' MTD, and Plaintiffs' MTD opposition. The Press Herald gives no reason to restart or extend that process. And allowing the Press Herald to review and respond to the pending sealing motions before the Court rules on them would create the prospect of additional briefing, responsive submissions, and further consideration of arguments already presented. This would likely delay resolution of the sealing disputes and could, in turn, affect the schedule for the parties' substantive motions to be heard and resolved; that is especially so if the Court were inclined to grant Plaintiffs' request for an evidentiary hearing and resolve the sealing disputes in advance of such a hearing. *See* ECF No. 151 (requesting an evidentiary hearing and argument on Plaintiffs' PI motion and Defendants' MTD "as soon as reasonably possible"); ECF No. 162 (objecting to the request for an evidentiary hearing but not oral argument).

The First Circuit has recognized that a district court may properly consider whether permissive intervention "would complicate a case that badly needed to be expedited," and deny it on that basis; indeed, the First Circuit found that "this is the kind of judgment on which the district court's expertise and authority is at its zenith." *Daggett*, 172 F.3d at 113 (citing *Travelers Indem. Co.*, 884 F.2d at 641). Those concerns are concrete here. The Court is already faced with many unresolved filings that are already on the docket,

including not only the pending substantive motions and associated motions to seal, but also Defendants' Rule 72(a) Objections to Magistrate's Orders [ECF Nos. 95, 99], and the motions to seal associated with the parties' briefing of the Rule 72(a) Objections. *See* ECF Nos. 109, 110, 114, 115, 129, 130, 131, 144, 152. Considering the numerous pending motions, the substantial volume of accompanying records, and competing requests for expedited adjudication, permitting another participant to relitigate issues already addressed adequately by Plaintiffs would add procedural complexity without a corresponding benefit to the Court's decisionmaking. Accordingly, the Court should deny intervention at this stage and resolve the pending sealing disputes on the existing record.

## II. The Press Herald's Request for Immediate Unsealing is Premature and Should Be Denied.

The Press Herald also asks the Court to deny Defendants' motions to seal and order the disclosure of the records at issue. *See* ECF No. 154-2 at 5-10. That request is premature insofar as it seeks to bypass the Court's pending consideration of the parties' competing sealing positions.

The records at issue are presently subject to the Court's temporary sealing procedures while the motions to seal remain pending. Pursuant to Local Rule 5.2, a motion to seal and any supporting documents, and any response or reply to a motion to seal, must be filed electronically under seal and will remain sealed in the ECF system unless the Court orders otherwise. *See also Doe v. Smith*, No. 2:23-CV-00423-JAW, 2024 WL 4297122, at *12 n.4 (D. Me. May 8, 2024) ("Unless it is absolutely certain that a motion to seal is non-meritorious," material filed under seal will typically remain sealed temporarily, subject to further briefing and ruling). The Court has not yet determined which of Defendants' proposed redactions are warranted. Indeed, the purpose of the existing process is to enable

the Court to make precisely that determination. Defendants do not contend that the temporary sealing of materials pending judicial review establishes a basis for indefinite confidentiality. Nor do they suggest that the Court may approve their proposed redactions without independently assessing the applicable standards governing public access. Defendants have submitted explanations supporting their requests, Plaintiffs have challenged those explanations, and the Court will determine what information may properly remain protected.

The Press Herald's alternative request for specific findings supplies no basis for additional relief. Defendants do not oppose the Court making individualized findings concerning the disputed redactions. Likewise, Defendants have no objection to the public filing of versions of the records reflecting their proposed redactions while the motions remain pending, subject to any directions the Court deems appropriate. This approach would allow the public to review the undisputed portions of the records without prejudging the propriety of the remaining redactions.

The Court should therefore deny the Press Herald's request for immediate unsealing and resolve the pending sealing through the established process, which affords the Court the opportunity to assess Defendants' proposed redactions under the applicable standards governing public access, with the benefit of the parties' existing briefing. The Press Herald has identified no reason to depart from that process or to order wholesale disclosure before the Court has determined which redactions are warranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Press Herald's motion to intervene and for access to judicial records.

Dated: November 13, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ALEXANDER HAAS
Branch Director

/s/ *Natalie M. Villalon*
NATALIE M. VILLALON
J. STEPHEN TAGERT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov
Stephen.Tagert@usdoj.gov

ANDREW B. BENSON
United States Attorney

JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
John.Osborn2@usdoj.gov

*Counsel for Defendants*